## GARRETT *vs.* HITCHCOCK.

Where a suit was brought, alleging that the plaintiff had leased a tract of land from the defendant; that the latter failed to furnish him a good mule to work his crop; that from being crippled and infirm the mule was unable to do "regular plowing," and that in divers consequential ways the plaintiff was damaged six hundred and thirty dollars, without alleging how much plowing the mule could do, such a declaration was too uncertain and indefinite to furnish a basis for recovery, and was properly dismissed on demurrer.

November 23, 1886.

Damages. Pleadings. Before Judge CARSWELL. Washington Superior Court. March Term, 1886.

R. F. Garrett brought his action to recover $640 damages from Stephen Hitchcock. The body of the declaration was as follows:

"The said Stephen Hitchcock rented to your petitioner his plantation, containing about 300 acres, more or less, for the year 1884, with the option of holding said plantation for four more years, at and for the sum of five hundred pounds lint cotton for the year 1884 and for 1,000 pounds of lint cotton for each subsequent year. That your petitioner rented said plantation for the year 1884, as aforesaid, moved upon and took possession of the said premises upon the promise of said Hitchcock to furnish your petitioner with a good plough mule or horse with which to make his crop for the year 1884. Your petitioner avers that the said Hitchcock failed and refused to furnish to your petitioner a horse or mule according to his promise, but did furnish to your petitioner a crippled and infirm mule which was not able to do regular ploughing. That on account of the failure of the said Hitchcock to perform and carry out his part of said contract, the crops of cotton, corn, peas and potatoes for the year 1884 were poorly ploughed and were damaged for the want of ploughing, to-wit, cotton $80, corn $30, potatoes $5 and peas $10. That on account of the failure of the said Hitchcock to furnish a horse or mule, as aforesaid, four acres of good cultivable land on said place lay out, to the damage of your petitioner $25. That petitioner cleared twenty-five acres of land on said place at a cost of three dollars per acre, and cut, split and put up $15 worth of fence-rails on said place with a view of holding said place four more years. That on account of the failure of the said Hitchcock to furnish a mule or a horse, as aforesaid, your petitioner was forced to give up said place, and was thereby damaged in the profits of said place to the sum of one hundred dollars per annum to your petitioner. That the said Stephen Hitchcock refuses to pay your petitioner said sum of $630."

On demurrer, the case was dismissed, and the plaintiff excepted.

J. A. ROBSON, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

Garrett sued Hitchcock for breach of contract in not furnishing him a good mule to work a certain crop on a certain tract of land he had leased from Hitchcock, laying

his damages at six hundred and thirty dollars, which, he alleges, in one way and another he could have made, and which he lost by reason of the mule's not being able to do "regular plowing."

On the trial, at trial term, on oral demurrer, the action was dismissed, and plaintiff excepted..

The declaration is uncertain and indefinite, if not purely imaginative and farcical. It is not alleged how bad off the mule furnished was, how much plowing it could or could not do, but only that it could not do "regular plowing," from being "crippled and infirm;" and yet from its not being sound and able to do "regular plowing," the plaintiff was damaged in divers consequential ways six hundred and thirty dollars. The declaration does anything except set out plainly and distinctly a cause of action, and the court could not have done anything but dismiss the case, if the law was administered.

Judgment affirmed.