BATTLE *v.* ATLANTIC COAST LINE RAILROAD CO. *et al.*

1. Where suit was brought against two railroad companies, by an employee who had been discharged by one of them in whose service he was at the time, and the petition showed no contract of employment with him binding both of them, and no such common action on their part as rendered both liable to him in relation to the subject-matter

of the suit, and the matters charged against each were separate and independent, the petition was demurrable for misjoinder of parties and causes of action.

2. The petition alleged, that in the railroad service promotion is a matter of merit, and an employee's rank, in point of seniority and dignity, determines the kind and lucrativeness of the employment and the beneficial preferences to which he may be entitled while in the service; that the plaintiff had been in the service of one railroad company for a considerable length of time, and had been promoted to the position of a passenger conductor; that he and other employees were transferred by that company to another railroad company, with an agreement between the two companies that such employees were to receive and maintain the identical rank with the second company, with the same rights, privileges, and benefits to which they were entitled in the former employment; that on the faith of this he acquiesced in the transfer; and that the second company, after retaining the plaintiff in its employment for a considerable length of time, discontinued him "in the position and service to which he had been accustomed, and to which he had been entitled as aforesaid." *Held*, that the petition set forth no such contract of employment between the plaintiff and either company, and no such breach of contract, as would authorize a recovery; and it was demurrable.

Argued January 16,—Decided April 14, 1909.

Complaint. Before Judge Charlton. Chatham superior court. August 16, 1908.

C. L. Battle brought suit against the Atlantic Coast Line Railroad Company and the Southern Railway Company, alleging as follows: In the fall of 1889 the plaintiff entered the employment of the Savannah, Florida & Western Railway Company in the capacity of flagman and brakeman, running between Savannah and Jacksonville and Waycross and Gainesville. He continued in the employment of that company, and was promoted from time to time from the position of flagman and brakeman to that of extra freight conductor, freight conductor and extra passenger conductor, and he continued in the employment of the company until it was purchased, absorbed by, and consolidated with the Atlantic Coast Line Railroad Company, and thereafter remained in the employment of the latter company up to July 2, 1902, "and retained, while in the employment of said Coast Line Company, all the rights, privileges, and relative rank which he enjoyed while an employee of said Savannah, Florida & Western Railway Company." Promotion is a matter of merit, and an employee's rank in the service, in point of seniority and dignity, determines the kind and lucrativeness of

employment and the beneficial preferences to which he may be entitled while in the service, and "in order to continue the beneficiary of the privileges and benefits inuring to an employee by reason of his rank, that rank must be maintained at all times." On July 2, 1902, his rank with the Atlantic Coast Line Railroad Company was that of a passenger conductor, in which capacity he was entitled to a run on a passenger-train south of Savannah, and to enjoy with that company due consideration for his employment with the Savannah, Florida and Western Railway Company. On the day mentioned he was transferred by the Atlantic Coast Line Railroad Company from its employment to the employment of the Southern Railway Company. This was done under an agreement and contract entered into between the Southern Railway Company and the Atlantic Coast Line Railroad Company and the plaintiff and other employees of the Atlantic Coast Line Railroad Company, which contract is evidenced by letters attached to the petition. Under the terms of that contract the Atlantic Coast Line Railroad Company was to transfer to the Southern Railway Company, and the latter was to receive, certain employees of the Atlantic Coast Line Railroad Company, among whom was plaintiff, which employees, when so transferred, were to have, receive, and maintain the identical rank, with the same rights, privileges, and benefits to which they were entitled in their employment with the Atlantic Coast Line Railroad Company, and were to be employed by the Southern Railway Company in similar capacities to those occupied by them under the other company, and were in all respects to rank with the same degree of dignity and priority as though they had been employees of the Southern Railway Company for the same length of time and in the same capacity as regular employees of that company, "and were to receive the same consideration at the hands of the Southern Railway Company as their own employees." In the contract described the plaintiff was one of the parties; he was a party to the consideration; and the contract was entered into for his benefit and for the benefit of the defendant railway companies; and plaintiff had a legal and equitable interest in its performance; and it was in reliance upon such an agreement that he consented to be transferred from the employment of the Atlantic Coast Line Railroad Company to the employment of the Southern Railway Company, in the capacity of a passenger conductor. He

was employed by the Southern Railway Company on July 2, 1902, and was given "the rights to which his. rank and priority entitled him" until June 27, 1903, when, for no cause whatever, he was relieved from duty by the Southern Railway Company as a passenger conductor, and his run was given to employees of that company whose service with it was of longer duration than his had been, "but whose rights in the line of promotion, as determined by the agreement made with your petitioner at the time he entered the service of the Southern Railway, were of lower rank than petitioner's." After he was relieved from duty, he protested both to the Southern Railway Company and to the Atlantic Coast. Line Railroad Company against the violation of said contract; and thereafter, on March 23, 1904, the Southern Railway Company reinstated him in his former capacity and in his regular run. After he was relieved from service and before he was reinstated, he presented himself to the Atlantic Coast Line Railroad Company for reinstatement in their service, at the same rank and with the same degree of priority to which he would have been entitled had he steadily remained in the employment of that company and had not permitted himself to be transferred to the Southern Railway Company, under the contract, agreement, and guaranty of the Atlantic Coast Line Railroad Company with plaintiff that his rights, in all respects, would be protected by the Southern Railway Company the same as though he had continued in the employment of the other company; and the Atlantic Coast Line Railroad Company failed and refused to receive him back upon such terms. From March 23, 1904, the date of his reinstatement by the Southern. Railway Company, to April 9, 1907, "he was given all his rights. and privileges, in accordance with his rank and right of seniority, and his rights, during that period of time, were at all times recognized in accordance with the contract made on July 2, 1902;" but on April 9, 1907, the Southern Railway Company broke its contract and discontinued plaintiff "in the position and service to which he had been accustomed, and to which he was entitled as. aforesaid." His services to the Southern Railway Company were at all times satisfactory; he discharged his duties faithfully and well; and no cause whatever exists, as far as efficiency and service are concerned, to authorize or warrant his discontinuance in the passenger service and in his regular run. Subsequently to April.

9, 1907, he called upon the Atlantic Coast Line Railroad Company to carry out in good faith with him the contract and agreement under which he was transferred to the employment·of the Southern Railway Company, and, to that end, to institute, in his behalf, a suit against the Southern Railway Company, calling upon it "to live up to this contract and agreement with the Atlantic Coast Line Railroad Company and your petitioner." This request was declined. Plaintiff's seniority and rank as a passenger conductor is a valuable asset to him, and is a means whereby he is enabled to earn a livelihood and the salary paid to passenger conductors on the run south of Savannah. The damage he ·has sustained consists in the loss of time from June 28, 1903, to March 23, 1904, at a salary of $100 per month, and lost time from April 9, 1907, to the commencement of the suit at a salary of $100 per month, "and for such further lost time as he may incur in the future;" and "further, in the loss of his rank of seniority in the railway service, which said rank is a valuable asset to a railroad man, as upon it depends his salary, the nature of his work, and the desirability of the work assigned to him;" and still further, because his advanced years make it difficult for him to start life anew in the railway service, as the same opportunities are not open to a man of his years as to a younger man, and the salary which it would be possible for him to earn, starting anew, would be considerably less than that which he is now entitled to earn, by reason of his rank and seniority, and the work in starting anew would also be more arduous and hazardous; "all of which said items of damage were in the contemplation of the parties at the time said contract was made." Plaintiff laid his damages at $1,000.· Attached to the petition were copies of the three letters referred to in it as evidencing the contract. They are as follows:

"Savannah, Ga., July 20, 1903.

"Mr. C. L. Battle, Bartow, Ga.

"Classification of employees; Plant System employees transferred to Southern Ry.

"Dear Sir:—Replying to your letter 18th, beg to state that upon receipt of your first letter I ·wrote General Manager Ackert of the Southern Ry., explaining to him fully the conditions under which you and other Plant System employees were transferred to Southern Ry., that is, that it was understood their rights would be protected.

I have not yet heard from Mr. Ackert, but as soon as I do I will advise you.                    Very truly yours,

             [Signed] W. B. Denham, General Superintendent."

                 "Savannah, Ga., July 31, 1903.'

"Mr. C. H. Ackert, General Manager Southern Railway. Washington, D. C.

"Classification of employees—Plant System employees transferred to Southern Railway.

"Dear Sir:—I have your favor of the 27th, in reply to mine of the 13th. I beg to hand you herewith copy of letter from your Superintendent, Mr. Welles, regarding the rights of the men we turned over to your company on July 1, 1902. It was on my guarantee that they would always have their rights south of Savannah that they agreed to go to the Southern Railway, and you promised me yourself, in your car, in the presence of Mr. Dugan, that if you took these men in your service you would always see that their rights were maintained. Of course the men feel that they have not been treated right, and I can not help but agree with them.

    "Yours very truly, [Signed] W. B. Denham, General Supt."

              "Savannah, Ga., September 21, 1903.

"Mr. C. L. Battle, Bartow, Ga.

"Classification of Employees—employees transferred to Southern Railway.

"Dear Sir:—Your letter of the 18th inst. received, and it certainly would afford me pleasure to do anything I could with Mr. Ackert, or the Southern Railway people, to have them carry out their agreement with me regarding the transfer of you men to the Southern; but you can readily understand that I have no authority to force Mr. Ackert to do this. He made the agreement with me in good faith, and I transferred you men to him with that understanding; but if he fails to carry out the ageement, there is no way in the world that I can force him to do it.

"Now, as to allowing you to take your rights with the Atlantic Coast Line that you had previous to going with the Southern: this is a matter that will have to be decided by the men. Put yourself in the position of one of the Atlantic Coast Line conductors, and suppose that I was to place you back on the Atlantic Coast Line where you were previous to going with the Southern, what would you think about it? You would say right away that I

had no right to do it; that these men left the Atlantic Coast Line, and if they want to come back they should come back as new men. Now I will say to you that if all of the men are willing that you should be transferred back to the Atlantic Coast Line, with the same rights that you had previous to going to the Southern Railway, I am perfectly willing for you to come back, but I do not think I have the authority to put you ahead of these men, and I have no doubt but that you will agree with me.

"Yours very truly, [Signed] W. B. Denham, General Supt."

Each of the defendants demurred to the petition generally and specially. Among the grounds of the demurrer of the Atlantic Coast Line Railroad Company were the following: (1) The petition does not show with sufficient fullness or certainty the terms of the contract alleged to have been made between the defendant railroad companies. (2) It does not sufficiently describe the employees who were the subjects of the contract, nor show what class of employees was the subject thereof. (3) It does not show the contract of employment between the plaintiff and the Atlantic Coast Line Railroad Company, in existence at the time of the transfer to the Southern Railway Company. (4) There is a misjoinder of parties and causes of action. The petition shows no community of interest between the defendants. It shows no joint contract between defendants and plaintiff. It shows no right to recover against the defendants jointly. The rights claimed by plaintiff are against the defendants individually and severally, and not jointly. Plaintiff seeks damages because of a failure of the Southern Railway Company to continue him in its employment, in which breach of duty, if any, the other defendant took no part and is not concerned. He seeks damages for the time he has been unemployed by the defendant, which damages, if any, were not caused by the Southern Railway Company. He seeks future damages because of the failure of the Atlantic Coast Line Railroad Company to employ him; and such damages, if any, the Southern Railway Company did not cause. The demurrer of the Southern Railway Company was substantially the same, except that the fourth ground stated that the plaintiff sought to recover damages for the time he had been unemployed by the Southern Railway Company, which were not caused by the Atlantic Coast Line Railroad Company, and for future damages because of the failure of the Southern

Railway Company to employ him, which the Atlantic Coast Line Railroad Company did not cause. The court sustained the demurrer and dismissed the action. The plaintiff excepted.

*Oliver & Oliver,* for plaintiff. *Garrard & Meldrim, Osborne & Lawrence,* and *Shelby Myrick,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.)

The petition of the plaintiff was properly dismissed on demurrer, for two reasons: First, because it sought to join separate and independent parties and causes of action, as to both of which there was a misjoinder. No breach of a common contract with or duty toward this plaintiff on the part of both defendants was shown. It was claimed that the Atlantic Coast Line Railroad Company had damaged the plaintiff in one way, and that the Southern Railway Company had damaged him in another; but not that there was any common violation of contract or duty by both of them jointly, causing damage to him. Second, no cause of action was set out against either defendant. While the petition made frequent references to the plaintiff's "rights" of priority in the line of promotion in his work, it failed to show that there was any such legal right, or exactly what it was, or how it arose. It showed no contract on the part of any of the companies mentioned, made with him, to employ him for any definite length of time, or not to discharge him except under certain specified circumstances, or that it would promote him in any particular manner. He was first in the employment of the Savannah, Florida & Western Railway Company, and it was alleged that when that road was purchased by and absorbed and consolidated with the Atlantic Coast Line Railroad Company, he remained in the employment of the latter company and retained "all the rights, privileges, and relative rank which he enjoyed while an employee of said Savannah, Florida & Western Railway Company." But it was not shown that he had any contract with the first company which gave him any definite rights, privileges, or rank, or that he had any contract with the second company on that subject. So also it was alleged that, when he was transferred to the employment of the Southern Railway Company, he retained the same rights, privileges, and benefits to which he was entitled in his employment with the Atlantic Coast Line Railroad Company; but it was not alleged that there was any contract between either of the companies and him by which he

was employed for any definite time or so as not to be subject to discharge or change in position. There were some general statements that in the railroad service promotion is a matter of merit, and that "an employee's rank in the service, in point of seniority and dignity, determines the kind and lucrativeness of employment and the beneficial preference to which he may be entitled while in the service." But such general allegations can furnish no ground for a recovery of damages because of the discharge of the plaintiff. This is not a question of expediency, or even of ethical propriety, but of law; and the plaintiff's petition showed no infraction of any legal duty which authorized a recovery by him.

*Judgment affirmed. All the Justices concur.*