### PRIESTER *v.* MELTON.

ATKINSON, J. 1. In an action of ejectment the plaintiff relied for recovery solely upon alleged prior possession under a writing. The evidence offered for the purpose of showing such possession by the plaintiff, or those under whom she claimed, was not as to facts tending to show actual adverse possession, but amounted to mere conclusions of the witness, and was not sufficient to show that the plaintiff had prior possession.

2. The evidence being insufficient to show that the plaintiff had prior possession of the land in dispute, in view of the theory upon which the plaintiff's case was predicated, as indicated in the first headnote, the writings offered in evidence were immaterial, even if they had sufficiently described the land referred to in them.

3. There was no error in ruling out testimony upon the subject of possession, nor the writings referred to in the second headnote.

4. Under the ruling when the case was before the Supreme Court on a former occasion, the plaintiff's immediate grantor was not rendered incompetent as a witness, under the Civil Code, § 5269, to testify as to transactions between himself and his alleged vendor, since deceased.

5. But if the evidence as to transactions between the plaintiff's grantor and his vendor had been admitted, it would not have been sufficient, in the light of the pleadings or any other evidence before the court, to make out the plaintiff's case.

6. The plaintiff failed to submit sufficient evidence to support an action of ejectment, and a nonsuit was properly granted.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 16, 1911.

Ejectment. Before Judge Mitchell. Lowndes superior court. November term, 1909.

This case was before this court on a former occasion. *Priester* v. *Melton,* 123 *Ga.* 375 (51 S. E. 330). The action was ejectment. The defendant pleaded the general issue, and put the plaintiff upon proof of her title. There was no evidence offered of a grant from the State and connected chain of title to plaintiff, nor of title by prescription, nor of deed from a common grantor; but the plaintiff relied for recovery solely on mere alleged prior possession under certain written instruments. The only evidence offered to support the plaintiff's claim of title was a receipt for $60, given by A. H. Smith to N. J. Priester, the husband of plaintiff, accompanied by an offer to prove that it was given as a receipt for part of the purchase-money of the land which N. J. Priester had promised to pay to Smith; also, a writing to the effect that A. H. Smith had promised to sell N. J. Priester "15 acres of land adjoining my Griffin field and Mr. E. L. Moore's land, for $125.00, payable in 3 years, receipts to be given for payments," accompanied by testimony of N. J. Priester to the effect that the 15 acres was the land in dispute; also, a paper purporting to be a deed from N. J. Priester to the plaintiff, Sophia Priester, conveying "the said 15 acres," accompanied by testimony to the effect that at the time this deed was made "the defendant nor any other person was in the actual adverse possession of the said 15 acres of land, but the said N. J. Priester was in the legal possession" of it. There was no other evidence relative to possession by either A. H. Smith or N. J. Priester, except the testimony of the latter to the effect that he had paid Smith all the purchase-money, and that Smith with the county surveyor had surveyed and marked out the lines, "putting said N. J. Priester in possession, and at the same time saying, 'Now, Priester, here is your land which I have sold you, and now you know where the lines and courses are?'" The judge on motion rejected all of the evidence, oral and documentary, which was offered as stated above in substance; and there being no other evidence relative to possession of the land in dispute, the judge, on motion, granted a nonsuit. Error is assigned upon these rulings.

*C. S. Morgan,* for plaintiff.

*O. M. Smith* and *E. P. S. Denmark,* for defendant.