## 7082.   COPELAND *v.* TYUS & PREVATT.

RUSSELL, C. J.   1.   In a suit for damages for breach of contract the petition must clearly show the breach.   *McDaniel* v. *Featherstone,* 135 *Ga.* 387 (69 S. E. 535).   Accordingly, in an action for damages arising by reason of forcible ejection from a livery stable, an allegation that the plaintiffs were to pay the defendant, for the rent of a certain stable and a residence, the sum of $40 per month, in the absence of any allegation as to the separate value of the stable apart from the dwelling house, is subject to a special demurrer raising that point, when there is no allegation that the plaintiffs' possession of the dwelling house was interrupted or disturbed.   Unless the value of the livery stable for rent be stated, the allegation as to rent is too uncertain and indefinite to furnish a basis for recovery.   *Garrett* v. *Hitchcock,* 77 *Ga.* 427.

2. An allegation in an action for damages, brought by a partnership, to the effect that one of the partners established a line of patronage and built up a good trade prior to the creation of the partnership relation, but which fails to show that the partnership succeeded to the good will of the individual partner mentioned, is defective, and should be amended or dismissed on special demurrer pointing out this omission. Distinct and separate claims of different persons can not be joined in

the same action. Civil Code, § 5515; *Battle* v. *Atlantic Coast Line R. Co.*, 132 *Ga.* 376 (64 S. E. 463).

3. While an assault upon one of the members of a partnership, in the absence of any showing that damages thereby resulted to the partnership, will not authorize a recovery in behalf of the partnership, and only the individual assaulted may sue therefor, still the court correctly overruled the special demurrer to the allegation upon this subject, because it plainly constituted merely a recital of acts by means of which the defendant ejected the plaintiffs.

4. The alleged assault being upon one of the partners only, and there being no allegation authorizing the partnership to recover for wounded feelings, it was error to charge that the jury could give additional damages for wounded feelings of the plaintiffs. Nor should the court have given in charge to the jury that part of section 4504 of the Civil Code which declares that "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed except the enlightened conscience of impartial jurors."

5. A verdict for special damages was unwarranted by the evidence, and, a verdict for nominal damages alone being authorized, a verdict for $550 was excessive, and the court erred in overruling the motion for a new trial.                                            *Judgment reversed.*

DECIDED MAY 30, 1916.

Action for damages; from city court of Cairo—Judge Willie. April 28, 1915.

*M. L. Ledford, L. W. Rigsby,* for plaintiff in error.

*J. Q. Smith,* contra.