### 9022.   COPELAND *v.* TYUS & PREVATT.

1. The court erred in admitting, over objection, the testimony complained of in the motion for a new trial as being conclusions of the witnesses and for other reasons stated. Evidence as to the profits made in a similar business by another person in a different location were also inadmissible.
2. The evidence was not sufficient to authorize a recovery of special damages, but authorized a verdict for nominal damages only. Hence, the verdict for $400 was excessive, and the court erred in overruling the motion for a new trial.

DECIDED DECEMBER 14, 1917.

Action for damages; from city court of Cairo—Judge Willie. June 19, 1917.

The petition, as amended, of Tyus & Prevatt, a partnership, alleged: That the defendant, Copeland, on or about September 28, 1914, entered into a verbal contract with the plaintiffs for the rent of a certain stable and residence for a period of twelve months, commencing on October 1, 1914, at an agreed rental of $40 per month; that Tyus, for the three years immediately preceding the making of this rental contract, had been conducting a livery business in said stable, and had established a line of patrons and had built up a good trade there, and was familiar with the profits derived from the business; that the plaintiffs went into possession of said building as a firm, and had all of their stock, vehicles, and feed stuff duly installed therein; that on October 2, 1914, the defendant, without any legal authority, forcibly and violently ejected

them from the stables and removed their property therefrom; and that by said trespass and violent ejection the defendant forced them to leave a well-established business; thus damaging them in the sum of $800. They obtained a verdict of $400. The defendant's motion for a new trial was overruled, and he excepted.

*L. W. Rigsby, Claude Christopher, M. L. Ledford,* for plaintiff in error. *J. Q. Smith,* contra.

HARWELL, J. 1. In the first and third special grounds of the motion for a new trial the following testimony of Prevatt was admitted over the objection of the defendant: "The stable would have been worth $75 per month to us if Mr. Copeland had not deprived us of possession." "I expected to profit by the business that had been built up and established by Mr. Tyus at the stand previous to the time I went into the business with him. The stable would have been worth $75 per month more than the contract price." Defendant objected to the admission of this testimony, upon the ground that it was a conclusion, and for other reasons stated in the motion for a new trial. This testimony was clearly a conclusion of the witness, and the court erred in admitting it.

2. In the second special ground of the motion for a new trial the following testimony of Walsh was admitted over the objection of the defendant: "Tyus and Prevatt ought to have been able to have made $150 or $175 per month. I made that amount out of the livery-stable business while operating my business before I sold out to Tyus and Prevatt." The defendant objected to this testimony as a conclusion of the witness, and "because plaintiff could not be allowed to recover prospective profits, and because the amount of the business the witness had done did not illustrate what the plaintiffs could have made." The testimony of this witness, that Tyus and Prevatt ought to have been able to make $150 or $175 a month, was clearly a conclusion, and was inadmissible. The latter part of his statement, "I made that amount out of the livery-stable business while operating my business before I sold out to Tyus and Prevatt," was also inadmissible, because what he had made out of a similar business in a different place, and probably under widely different circumstances, would not be illustrative of what the plaintiffs would have made in the premises leased from the defendant. While the character of the business conducted by the witness was the same, the amount of the stock, vehicles, and

labor employed by him might have been entirely different, and there is no evidence to show they were substantially the same. The business of Walsh was conducted in a different location in the city; and there were too many contingencies to enter into the situation which might have brought about different results in their respective profits.

3. In ground 4 of the motion for a new trial the following evidence of Tyus was admitted over the objection of the defendant: "The stables would have been worth as rental $75 more than the contract price. I had established a line of customers and patrons, and the firm of Tyus & Prevatt would have profited by them had they remained in the stables at that place." The defendant objected to the admission of this testimony, upon the ground that it was a conclusion, and because it had not been shown that Tyus & Prevatt had succeeded to the good will of Gordy Tyus. This testimony was clearly inadmissible as being a conclusion, and the court erred in overruling the objection to it.

4. This case is before this court for the second time. See *Copeland* v. *Tyus*, 18 *Ga. App.* 196, where it was held, that the verdict for special damages was unwarranted by the evidence; that, a verdict for nominal damages alone being authorized by the evidence, the verdict for $550 was excessive; and that the court erred in overruling the motion for new trial. While in the present record there is some additional testimony as to the rental value of the stables, we think the evidence is too meager, indefinite, and uncertain, when the conclusions of the witnesses are eliminated, to be the basis of any recovery of special damages, and that under the evidence a recovery of nominal damages only is authorized. *Swift* v. *Broyles*, 115 *Ga.* 885 (42 S. E. 277, 58 L. R. A. 390); *Batson* v. *Higginbotham*, 7 *Ga. App.* 835 (2) (68 S. E. 455). In the case of *Bass* v. *West*, 110 *Ga.* 698 (36 S. E. 244), correct rules are stated for the trial of cases of wrongful eviction of a lessee or tenant; and it was said: "Where the amount of the profits lost and the value of the good-will of the business can be ascertained with a reasonable degree of certainty, they should be allowed in estimating the value of the lease for the purpose for which it was being used. In cases, however, where these elements are merely speculative and conjectural and can not be ascertained with reasonable certainty, no allowance should be

made therefor. This does not mean that the amounts of these elements of damage should necessarily be reduced to an exact calculation before a recovery could be had, but there must be sufficient data to enable a jury with a reasonable degree of certainty and exactness to ascertain the loss." In the first place, there must be allegations in the petition which would authorize the introduction of testimony on these matters; and in the second place, if it is proposed to offer evidence as to the probable profits of a business, as illustrative of the value of the rental contract, it must be shown either that the business is established, or else that it has succeeded to an established business, and that the businesses are substantially the same. For instance, in the present case, before evidence should be admitted as to what Tyus had been making in his business, as illustrative of the profits which Tyus and Prevatt would probably have made, it must be shown that Tyus and Prevatt had taken over the business conducted by Tyus, and that it was substantially the same in character, capital, and labor employed, and in the number of stock, buggies, wagons, etc., which it owned and used. Inasmuch as the testimony authorized the recovery of nominal damages only, the verdict for $400 was excessive, and the court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*