## 12055. BLANCHARD, HUMBER & CO, v. HAGAN GAS ENGINE & MANUFACTURING CO.

In a claim case where the evidence clearly showed that at the date of the levy of the execution the defendant in fi. fa. had both title to and possession of the property levied on it was proper for the court to direct a verdict for the plaintiff in fi. fa.

DECIDED MARCH 16, 1921.

Levy and claim; from Marion superior court — Judge Hutcheson presiding. October 26, 1920.

This is a claim case. The evidence in substance is as follows : The defendant in fi. fa. bought certain personal property from the Woodruff Machinery Manufacturing Company, giving therefor promissory notes containing a retention of title to the personalty until paid for, which were duly recorded. He paid the notes and an entry of payment was duly made on the record, and possession of the property was delivered to him by the payee. The execution against him was obtained on April 25, 1916, and on July 8, 1919, was levied on the personalty in question, which was then in his possession. On the part of the claimants it was testified that the property in question was their property at the date of the levy. The claim was based on the following facts : The claimants lent to the defendant in fi. fa. the money to pay his notes for the property, and he paid the notes and took possession of the property. Subsequently, on August 4, 1919, a transfer of the notes, which had previously been marked paid and delivered to the defendant in fi. fa.,

was made by the Woodruff Machinery Manufacturing Company to the claimants, at the request of the defendant in fi. fa. while the property was in the possession of the levying officer. The defendant in fi. fa. testified that he had never repaid to the claimants the money borrowed to pay the notes. The court, at the conclusion of the evidence, directed a verdict for the plaintiff in fi. fa., and the claimants excepted.

*T. B. Rainey, George C. Palmer,* for plaintiffs in error.

*W. B. Short, W. D. Crawford,* contra.

HILL, J. (After stating the foregoing facts.)

The direction of a verdict for the plaintiff in fi. fa. was demanded. No other legal verdict could have been rendered. The property levied on was in the possession of the defendant in fi. fa. at the time of the levy. The title thereto became his when he paid the title-retention notes. The fact that the claimants had loaned to the defendant in fi. fa. the money with which to pay these notes did not give the claimants any title to the property as against the lien of plaintiff's fi. fa., in the absence of a written transfer of the notes. *Swann Davis Co.* v. *Stanton,* 7 *Ga. App.* 668 (67 S. E. 888); *Burch* v. *Pedigo,* 113 *Ga.* 1157 (39 S. E. 493, 54 L. R. A. 808). The testimony of the claimants that the property levied upon at the date of the levy was their property was merely a conclusion of the witness and without any probative value, the facts clearly showing that at that time the title was in the defendant in fi. fa., the title-retention notes having been paid by him and delivered up to him by the payee.

*Judgment affirmed. Jenkins, P. J., and Stephens; J., concur.*