22873. NATIONAL LIFE & ACCIDENT INSURANCE CO. *v.* CHASTAIN.

SUTTON, J. 1. Where an accident-insurance policy provided that the insurer "may cancel this policy at any time by written notice delivered to the insured," the unearned premium to be returned to the insured, and "such cancellation shall be without prejudice to any claim originating prior thereto," and that the "acceptance of any renewal premium shall be optional with the company," and where the policy provided for the payment of monthly premiums on the first day of each month, and the insured paid the same on the first day of each month, and where, because the insured contracted diabetes, which was not an insurable risk, the insurer refused to accept a renewal premium for an ensuing month, this was in effect a cancellation of the policy by refusing to accept a renewal premium.

2. Where a policy of accident insurance contains a provision whereby it may be cancelled by the insurer, and whereby it is optional with the insurer whether it shall accept renewal premiums, the policy may be cancelled by the insurer according to the terms of the policy, and the unearned premium returned to the insured, or when any renewal premium becomes due the insurer may refuse to accept the same and thus cancel the policy. 1 C. J. 420, § 59; 32 C. J. 1245, § 431.

3. In such a case, where the insurer refused to accept a renewal premium,

this operated as a cancellation of the policy, and an action will not lie by the insured to recover the premiums paid by him since the date of the policy. The cancellation of the policy in this manner was not a breach of the contract of insurance, the insurer having a right under the provisions of the policy to terminate the same by either a written notice to the insured and a return of the unearned premium, or by a refusal to accept a renewal premium when due. American National Ins. Co. *v.* Ball (Tex. Civ. App.), 218 S. W. 71.

4. Applying the principles announced above, the court erred in overruling the insurer's demurrer to the petition as amended, and all further proceedings in the case were nugatory.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 13, 1933.

*Titus & Dekle,* for plaintiff in error. *James B. Burch,* contra.