29732. ALFORD *et al. v.* ZEIGLER.

DECIDED OCTOBER 9, 1942. REHEARING DENIED DECEMBER 18, 1942.

*John C. Hollingsworth, George G. McCoy,* for plaintiffs in error.
*W. G. Norwood, John J. Sullivan, Ernest J. Haar,* contra.

FELTON, J. The original petition was passed on by this court on a former appeal of this case. For the original pleadings see *Alford* v. *Zeigler,* 65 *Ga. App.* 294 (16 S. E. 2d, 69). After the rendition of the judgment in the first appeal by this and the trial court the plaintiff amended the petition as follows: "1. By adding to the 7th paragraph of said petition the following language: 'That said deceased had been in the employ of the defendants for a period of eighteen months more or less prior to the said date and during the entire period of said employment was engaged as a truck driver, driving the regular route on said State highway where said wreck occurred, and that prior to the date of employment of the deceased by the defendants the deceased had experience in

the driving and operation of tractor trucks and trailers attached thereto of like construction to the one herein referred to. The deceased had ample and sufficient knowledge of the mechanism of said vehicles to properly operate same.' 2. By adding to the 9th paragraph of the said petition the following language: 'That the defects in said lights and electrical system used for the purpose of illuminating the road at night and the defects in the brakes on said truck which caused the same to pull to the left when said brakes were applied were not obvious to the plaintiff's deceased husband, and he proceeded to operate the same based on the assurance of the defendants as hereinafter set forth.' 3. By striking from subsection 'A' of paragraph 14 of the petition all of the section of the Code of Georgia, to wit, section 66-301 which is actually quoted. 4. By adding to the 12th paragraph of the said petition the following language: 'Petitioner shows that said truck and/or truck and trailer became uncontrollable due to the fact that when said headlights went out, the road ahead of said truck was in total darkness, and it was necessary to attempt to bring said vehicle to a complete stop at the earliest practical moment by applying the brakes which the deceased did, and when said brakes were applied the defective adjustment and condition of the said brakes caused said front wheels to be pulled sharply to the left, and the momentum of said vehicle together with said defective condition of said brakes and the turning of the said wheels to the left caused the entire vehicle to cross to the left side of the road and off of the paved portion of said highway, and directly causing the results herein set forth.' "

The one vital question in this case is whether the evidence authorized the finding that the defective brakes and lights on the truck were the proximate causes of the wreck, or whether the defective lights or brakes were the proximate cause. The only evidence introduced to show that the lights on the truck went out was that of Bartow Boyd, who testified: "That Monday morning Walter came down and woke me up and we walked down and left right together. I pulled off ahead of him and he was right behind me. The truck he was driving and all the trucks have large rear mirrors extending from the side. I was driving about a block ahead of the Zeigler truck. At a point about eighteen miles from Sylvania, in the direction of Augusta on this particular road we

were traveling, the condition of the road was that it was kind of hilly. I noticed behind me all the time in the rear-view mirror. Something happened—I missed his lights from behind me, and I went on to Waynesboro and waited for him . . and I told·you I missed his lights from behind me that morning, going up; and I waited on him thirty minutes in Waynesboro, and he did not come on behind me, and I went on and unloaded my load and came back. . . On this morning I was driving ahead and Mr. Zeigler was coming along behind. I missed his lights between Alexander and Waynesboro; I saw his lights when they went out, because I thought he had probably stopped, or something, the reason I pulled up in Waynesboro and waited for him. Sure, I stated on· the direct that I 'missed the lights.' As to saying on the direct that I did not see them go out, and now saying that I saw them go out, I saw the flare of the lights when they went out. Naturally you would miss the flare of the lights behind you. I noticed in the mirror and saw them when they went out. As to whether I happened to be looking in the mirror the very moment the lights went out, now, I could not drive the truck and look behind me. I did see the lights when they went out. As to testifying that I was looking in the mirror the very moment the lights went out and saw them go out, when the lights went out, I looked in my mirror and everything was dark. . . I positively missed that truck when the lights went out. . ."

All this testimony, stripped of its unsupported conclusions, is that the witness missed the lights of the truck in which the deceased was riding, in the mirror of his vehicle. It was impossible for him to know what caused the lack of reflection of the lights in his mirror. Whether the defective lights caused or partly caused the wreck is wholly speculation and conjecture. There was no evidence that the deceased was not asleep or otherwise incapacitated at the time of the wreck, or that the wreck was not caused by a defective steering apparatus, or other cause. There was no evidence that defective brakes contributed to the wreck. The truck gradually left the road, and there was no evidence of "grabbing" brakes or skidding. The evidence as to the proximate cause of the wreck being based on circumstantial evidence, and being based wholly on conjecture and speculation, did not authorize the conclusion that defective lights or brakes caused the wreck. The rule

of res ipsa loquitur does not apply in such a case. It was error for the court to overrule the motion for new trial.

It is not necessary to pass on the other questions raised.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*