29666. SCHMIDT *v.* GENERAL ACCIDENT, FIRE, AND LIFE ASSURANCE CORPORATION LIMITED.

Decided December 4, 1942.

520

525

*A. W. White, Pearl D. Burnette,* for plaintiff.
*Barrett & Nall,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) Without determining whether or not the plaintiff had released the defendant by acceptance of the draft for $143.33 and his execution of the release thereto appended, the plaintiff's testimony, construed most strongly against him, fails to show that he was for eight months, "necessarily and continuously confined within the house," and "visited therein at least once in every seven days by a legally qualified physician;" which condition, under the policy had to result from illness suffered by the plaintiff during the life of the policy in order for the defendant to be liable for the payment of the eight months indemnity. It appears under this testimony of the plaintiff that he was able to work for short intervals; that he did not stay at home as the result of the illness over one or two days at a time; that he would go to his bakery and help a little; that he would sit around and would feel badly and be unable to do much work; that he could do manual work for an hour at a time.

This is not a case where the question of the plaintiff's disability or incapacity to work is involved, but it is one as to whether he was confined within the house as the result of illness occurring during the existence of the policy. It appears from the plaintiff's testimony that when he accepted the draft and signed the settlement proposition he understood that was final for the illness then suffered by him; that he has only had the one illness; that he never made any claim of the defendant for any other sum of money; that he did not make any effort to notify the defendant of his condition; that he did not "want any claim for the sickness;" that he did not "want any more money for the sickness;" but wanted "only my insurance kept in force for future use;" and that when he made his original claim for fifty days that was all he wanted to be paid for his illness, and the only thing he is dissatisfied about is that the defendant cancelled his policy and that he should have his money back. However, the suit is not one for the return of premiums, and is not one for the fraudulent cancellation of the policy, but it is one to recover monthly indemnity as provided in the policy on account of illness resulting in the insured being confined to his home and attended by a physician, such illness occurring during the life of the policy.

In *National Life &c. Insurance Co.* v. *Chaslain,* 46 *Ga. App.* 842 (169 S. E. 380), a case involving a policy with a similar cancellation provision, this court ruled that when the insurer "refused to accept a renewal premium for an ensuing month, this was in effect a cancellation of the policy by refusing to accept" such renewal premium. The court further held that where a policy contains a provision "whereby it may be cancelled by the insurer, and whereby it is optional with the insurer whether it shall accept renewal premiums, the policy may be cancelled by the insurer according to the terms of the policy, and the unearned premium returned to the insured, or when any renewal premium becomes due the insurer may refuse to accept the same and thus cancel the policy." The court further held in such a case where the insurer refused to accept the renewal premium this operated as a cancellation of the policy. Even if the defendant did not properly cancel this policy by the letter of October 2, 1940, in which it notified the plaintiff in effect that it was cancelling the policy at the end of the month of October, at which time there was an unearned

premium in its possession, namely, the October 1940 premium, the policy certainly became cancelled, under the above authority, when the company refused to accept the payment of the November premium and returned the check to him. Furthermore, no claim was made by the plaintiff for indemnity between October 2 and November. No claim had been made by the plaintiff for such indemnity before October 2, 1940, with the exception of the claim for the fifty days for which he was paid. In fact, under the plaintiff's own testimony, no claim was ever made with the defendant for such indemnity except by the filing of the present suit in April 1941, and as to this suit the plaintiff testifies that he is not seeking to be paid for his illness. The letters of the plaintiff's attorney to the defendant were complaining about the action of the company in cancelling the policy, and did not intimate that the plaintiff was ill and confined to his home as the result of his illness and attended by a physician, as provided in the policy, and was therefore claiming monthly indemnity.

The facts of this case do not bring it within the decisions cited by the plaintiff in error, namely, Duke v. General Accident &c. Assurance Cor., 212 N. C. 682 (194 S. E. 91), Wade v. Mutual Insurance Co., 115 W. Va. 694 (177 S. E. 611), and similar decisions to the effect that a policy providing indemnity for illness which confines the insured continuously within his home does not limit the insured's conduct but merely describes the condition, extent, and degree of the illness, and that such a provision must be reasonably construed and applied, and that there need not be a literal compliance with such provision in order to permit a recovery. The facts of the present case do not bring it within Lewis v. Liberty &c. Insurance Co., 185 La. 589 (170 So. 4, 107 A. L. R. 286), and similar cases. The plaintiff's own testimony takes the present case without the principle underlying such authorities.

Under the view which we take of this case it becomes unnecessary to determine whether there was an accord and satisfaction or a complete release of the defendant when the plaintiff accepted the draft for $143.33 and executed the release and settlement proposition on September 10, 1940, by virtue of the principle underlying the cases cited in the brief of the plaintiff in error, namely, Buel v. Kansas City Life Insurance Co., 32 N. M. 34 (250 Pac. 635, 52 A. L. R. 367); *Pan-American Life Insurance Co.* v. *Bagley,*

55 *Ga. App.* 610 (191 S. E. 144) ; *Matthews* v. *Gulf Life Insurance Co.,* 64 *Ga. App.* 112, 117 (12 S. E. 2d, 202), Wade *v.* Mutual Insurance Co., supra, and similar decisions.

Conceding that there was no release of the defendant by the execution of the settlement agreement and the acceptance of the draft, the testimony of the plaintiff, properly construed, shows affirmatively that he was not continuously ill and confined to his home where he was attended by a physician regularly during the eight months sued for.

The court properly directed a verdict for the defendant, as the evidence demanded a finding that the plaintiff was not continuously ill and confined to his home during the time for which he claims monthly indemnity. The court did not err in overruling the motion for new trial.

Under this view of the case, if there was any error in the overruling of the demurrer to the plea and answer as amended, it was rendered harmless by the testimony of the plaintiff which affirmatively showed that he was not entitled to recover for the monthly indemnity sued for.

*Judgment affirmed. Sutton and Felton, JJ., concur.*