23362. PATTERSON et al. v. COTTON STATES MUTUAL INSURANCE COMPANY et al.

SUBMITTED FEBRUARY 14, 1966—DECIDED MARCH 10, 1966— REHEARING DENIED MARCH 22, 1966.

*Smith & Smith, Douglas E. Smith,* for appellants.

*Eugene Epting, Erwin, Birchmore & Epting, D. Marshall Pollock, Marvin W. Sorrells,* for appellees.

QUILLIAN, Justice. We need not consider the second question posed since the first is determinative of the issues in this case.

The underwriter for Cotton States was permitted to testify that the company's position was that "if we had received a notice from the agent that the insured would not sign the endorsement or pay the additional premium a direct notice of cancellation would have been sent out the same day." This was objected to on the ground that "it called for a hypothetical conclusion and it has no bearing on the issues here whatsoever."

Testimony that if an insurance company had known certain facts it would have rejected an application for insurance amounts to a conclusion and is inadmissible. *Mutual Benefit &c. Assn. v. Bell,* 49 Ga. App. 640, 651 (176 SE 124); *Rhodes v. Mutual Benefit &c. Assn.,* 56 Ga. App. 728 (3) (194 SE 33); *Metropolitan Life Ins. Co. v. Marshall,* 65 Ga. App. 696, 705-706 (16 SE2d 33). However, counsel for the appellee, Cotton States, points out that evidence to substantially the same effect was admitted without objection and urges the application of the rule that: "Though the admission of certain testimony objected to be erroneous, a reversal will not result where other testimony to the same effect and of like nature was introduced without

objection." *Sapp v. Callaway,* 208 Ga. 805 (3) (69 SE2d 734), and cases cited. While evidence of a somewhat similar nature was admitted without objection, it is sufficient to point out that an equally well known principle of evidence is that testimony which is merely a conclusion of a witness is without probative value. *Priester v. Melton,* 135 Ga. 694 (1) (70 SE 646); *Dougherty v. Dougherty,* 153 Ga. 487 (1) (112 SE 454); *Blanchard, Humber & Co. v. Hagan Gas Engine &c. Co.,* 26 Ga. App. 538, 539 (106 SE 604). Hence, the failure to object to evidence that did not amount to legal proof was not a waiver of objection to other like evidence.

It must be reiterated that this purported intention of the insurance company either to require a higher premium or to cancel the policy was not communicated to the insured. In fact, the sole notice given, which related only to a requested increase in premium, was not sent to the insured but to the agent. He testified that any discussion with the insured as to a higher premium or as to exclusion of the son took place at the time the policy was entered into. There was no evidence of any conversation between the agent and the insured concerning the matter of which the agent was notified in January, 1961.

"A consideration is necessary for the valid modification of the coverage provisions of an insurance policy, whether the effect of the modification is to extend or limit the risks against which the insurance affords protection." *Dunn v. Utica Mut. Ins. Co.,* 108 Ga. App. 368, 369 (133 SE2d 60). See *United States Fidelity &c. Co. v. Watson,* 106 Ga. App. 748, 754 (128 SE2d 515). "Where the indorsement restricting coverage, or the evidence, has shown that the insurer declined to exercise its right to cancel . . . in consideration for the insured's agreement to a restrictive indorsement, the forbearance by the insurer has been held to be a sufficient consideration for the indorsement." *Dunn v. Utica Mut. Ins. Co.,* 108 Ga. App. 368, 369, supra; Anno., 52 ALR2d 826. Although the endorsement provided that it would be effective retroactively to December 22, 1960, it was entered into on February 9, 1961. At that time the consideration expressed, to wit, payments made by the insured and acceptance by the company, was clearly a nullity. Hence, a determination

as to what was the true consideration, if any, must be made. *Anderson v. Brown*, 72 Ga. 713 (3). Upon inquiry into what was the actual consideration, we find from the evidence: that the insured was allowed no reduction in premium; that there was only an uncommunicated intention on the part of the insurance company either to require a higher premium or to cancel the policy and that the insured was totally unaware of such intent. This would not constitute a valid and binding consideration for the consummation of the exclusionary endorsement.

Under the recited circumstances, we find the endorsement was without consideration and the trial judge erred in finding to the contrary.

*Judgment reversed. All the Justices concur.*

## CORRECTIONS.

Page 7, line 15 from bottom, change "act of incorporation" to "acts of incorporation."

Page 335, line 19 from bottom, change "Coastal Plain Protection Association" to "Coastal Plain Production Credit Association."

Page 498, line 5 from top, change "Neither the chapter" to "Neither the charter."