## 41981. BANKERS HEALTH & LIFE INSURANCE COMPANY v. FRYHOFER.

ARGUED MAY 4, 1966—DECIDED JUNE 16, 1966— REHEARING DENIED JULY 14, 1966.

*R. U. Harden,* for appellant.

*George W. Fryhofer,* for appellee.

EBERHARDT, Judge. █ We reverse. The testimony of the plaintiff as to his damages was based wholly upon speculation and conjecture, and a verdict based upon evidence of that character cannot stand. *Southern Grocery Stores v. Greer,* 68 Ga. App. 583 (2) (23 SE2d 484) ; *United States F. & G. Co. v. Brown,* 68 Ga. App. 706 (4) (23 SE2d 443) ; *Alford v. Zeigler,* 68 Ga. App. 627 (23 SE2d 474) ; *Globe Indemnity Co. v. Brooks,* 84 Ga.

App. 687, 688 (67 SE2d 176); *Bartell v. Del Cook Lumber Co.,* 108 Ga. App. 592, 601 (133 SE2d 903).; *Pritchett v. Higgins,* 111 Ga. App. 718, 720 (5) (143 SE2d 47). "So, where evidence is not more than a scintilla, if it is dependent entirely upon guess or speculation, it is insufficient to support a verdict." *Ladson Motor Co. v. Croft,* 212 Ga. 275, 277 (92 SE2d 103). There was no more than speculation and conjecture as to whether a demand would have been made on the company, and certainly it was wholly speculation that if a demand had been made it would have been denied by the company. It was speculation, too, that a suit would have been filed, demurred to and amended, and most certainly any testimony as to what the verdict of a jury would have been in the suit was the rankest speculation and conjecture. It was without probative value. *B. P. O. Elks Lodge No. 230 v. Foster,* 91 Ga. App. 696, 697 (86 SE2d 725).

There is nothing that would authorize a finding that the company was liable to Mallard in any sum under the policy, even if demand had been made and if suit had been brought in his behalf against the company. The policy provisions were neither pleaded nor proven. Plaintiff's contract for fees was wholly contingent upon a recovery from the company by Mallard. The testimony of plaintiff's supporting witness concerning what would have been a reasonable fee was based entirely upon plaintiff's testimony, and thus was just as speculative and conjectural in character as was plaintiff's.

While it is true that an expert may give his opinion without stating the facts upon which it is based, yet when the basis of his opinion is given and it appears that it is wholly speculative or conjectural, it must follow that his opinion is without foundation and has no probative value. Speculation and conjecture by an expert is still speculation and conjecture, and will not support a verdict. "It must be remembered that the opinion evidence is that of an expert in respect to the *stated facts* about which the opinion was expressed. It is proper and desirable that expert testimony should be kept within proper bounds. . . 'Expert testimony is to be weighed and judged like any other, and the same tests are to be applied thereto. . ." 16 CJ 756, § 1556." *Buckhanon v. State,* 151 Ga. 827, 833 (108 SE 209). (Emphasis supplied).

It was error to overrule the general grounds of the motion.

■ The testimony relative to what the insurance company would have done had demand been made on it, and what would have been done in connection with the bringing of a suit against the company, and what the verdict of the jury would have been, was speculative and conjectural and its admission over the objection was error. "[I]f it appears from the [witness'] own testimony that [he] is merely surmising . . . it should be excluded. . ." *English v. Georgia Power Co.*, 66 Ga. App. 363, 368 (17 SE2d 891). Accord, *Sanders v. Chandler*, 71 Ga. App. 337 (1) (30 SE2d 813). "[T]estimony which is merely a conclusion of a witness is without probative value." *Patterson v. Cotton States &c. Ins. Co.*, 221 Ga. 878, 882 (148 SE2d 320), citing *Priester v. Melton*, 135 Ga. 694 (1) (70 SE 646); *Dougherty v. Dougherty*, 153 Ga. 487 (1) (112 SE 454); *Blanchard, Humber & Co. v. Hagan Gas Engine &c. Co.*, 26 Ga. App. 538, 539 (106 SE 604). "[W]e think the evidence is too meager, indefinite, and uncertain, when the conclusions of the witnesses are eliminated, to be the basis of any recovery of special damages, and that under the evidence a recovery of nominal damages only is authorized." *Copeland v. Tyus &. Prevatt*, 21 Ga. App. 485, 487 (94 SE 633).

■ For the same reason, admission of testimony as to what the insurance company had done in another case concerning the claim of another individual under the disability provisions of the same kind of policy, as evidence of what the company would have done with the claim involved in this litigation, and that the company would have acted in bad faith in denying the claim, over the objection that it was purely conjectural and that what had happened in one case as to one individual could not be assumed as the fact as to what would happen in another case as to another individual, was error, especially since it did not appear whether the policy provisions were the same or whether the basis of the claims was the same.

We observe that plaintiff asserted in his testimony that he was assuming the verdict in the other case would stand up on appeal and it was his opinion that it would do so, but in fact it did not stand. The other case to which he referred, *United Ins. Co. v.*

*Murray*, 113 Ga. App. 138 (147 SE2d 656) (United Ins. Co. was successor to Bankers Health & Life) was reversed, the court holding that a verdict had been demanded for the defendant. The situation is similar to that when a hypothetical question is based, in part at least, upon a false premise. Cf. *Kuttner v. Swanson*, 59 Ga. App. 818 (5) (2 SE2d 230).

The case of *Studdard v. Evans*, 108 Ga. App. 819 (135 SE2d 60) does not require a different result. It dealt only with rulings on demurrer.

Nevertheless, since an attorney's contract of employment, though contingent in nature, is a property right (*Studdard v. Evans*, 108 Ga. App. 819, supra), and since plaintiff alleges a wrongful and wilful invasion of that right by the defendant, he is entitled to recover for it—at least nominal damages. *Code* § 105-2010; *Swift v. Broyles*, 115 Ga. 885 (42 SE 277). This is true even if no special damages are proven. *Price v. High Shoals Mfg. Co.*, 132 Ga. 246, 252 (64 SE 87). But there was no legal proof of any special damages by Mr. Fryhofer, and the verdict returned was not for nominal damages. *Copeland v. Tyus & Prevatt*, 21 Ga. App. 485 (2), supra. Nor did the jury include in the verdict anything for punitive damages. In the petition plaintiff prayed for $2,500 actual damages and $7,500 as punitive damages. In the charge the court properly instructed the jury, (as an abstract proposition) "if you find that the plaintiff has carried the burden and proved his case, you would first render a verdict for whatever actual damages you may find that he would be entitled—'We, the jury, find for the plaintiff, in the sum of blank dollars as actual damages.' Then you would go one step further and you would either find for or against punitive damages and that would be added by saying, if you find for, 'We, the jury, find additional sum of blank dollars as punitive damages.' Or, if you don't find it, your verdict would then be for the actual damages and it would be silent as to punitive damages." The verdict was returned, "We, the jury, find in favor of plaintiff $2,500 damages." Accordingly, it was for actual damages which were unsupported by proof.

Concerning his actual damages, in *Witham v. Cohen*, 100 Ga.

670 (28 SE 505), where Witham, having purchased a majority of the stock in a bank and reached an agreement with a majority of the stockholders that he should be elected its president at a salary of $500 per month, alleged that at the annual meeting of the stockholders his election was defeated by the illegal voting of a proxy wrongfully and fraudulently obtained from one who had sold his shares to plaintiff, and that this was done wilfully and maliciously to prevent his election, it was held that a cause of action for damages was set out, but it was also pointed out that "The tort whereby he sustained his defeat could not have damaged Witham in a sum greater than that which his election would have secured to him."

By the same token, the procuring of the cancellation of the contract between Mr. Fryhofer and his client could not have damaged him in a sum greater than that which might have accrued to him as a benefit under it. How is that to be measured? It is that percentage of the recovery that his client was entitled to have under provisions of the policy as provided in the contingent fee contract. Consequently, if Mr. Fryhofer is to recover more than nominal damages he must plead and prove, by competent evidence, the extent of his client's right to recover against the company. Cf. Richards v. International Agricultural Corp., 10 F2d 218, 219, where Judge Sibley, dealing with a situation where the defendant was alleged to have wilfully and wrongfully withheld a book of accounts making it impossible for plaintiff to collect moneys owing to him, said: "A result intended by a wrongdoer cannot be remote. Civ. Code Ga. 1910, §§ 4510, 4511 [now §§ 105-2009, 105-2010]. Nor is the damage too speculative. While details as to the solvency of each debtor and the amount due by him are not pleaded, as they should ordinarily be, the lack is excused by the allegation that the plaintiff has not the information and is deprived of it by the wilful act of the defendant. . ." Mr. Fryhofer neither pleads the provisions of the policy nor the facts showing a right of his client to recover thereunder, and the amount of his entitlement, nor offers proof thereof; nor does he excuse himself from doing so by any allegation of the petition, as was done in the Richards case. "[W]hile imaginary and speculative profits can not be recovered as dam-

ages, profits which would have been received but for the acts of the defendant may be recovered as damages when there are criteria, definite and certain, upon which an adjudication may be based." *Central of Ga. R. Co. v. Cooper*, 14 Ga. App. 738, 740 (82 SE 310). "[I]t would be necessary, in order to recover, to show that a benefit would have accrued to the plaintiff, and that the statements of the defendant were false and fraudulent, and were the proximate cause of loss to the plaintiff." *Mitchell v. Langley*, 143 Ga. 827, 837 (85 SE 1050). Accord, *Swift v. Broyles*, 115 Ga. 885 (1), supra.

Nothing said in this opinion is to be construed as an approval of the conduct of the agents[1] of the insurance company or of the derogatory remarks made by them concerning the plaintiff.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

---

[1]We have observed it heretofore. *Clinton v. State Farm Mut. Auto. Ins. Co.*, 110 Ga. App. 417, 419 (138 SE2d 687).