23862. JONES *et al. v.* THE STATE.

DECIDED NOVEMBER 5, 1934.

*H. Cliff Hatcher,* for plaintiff in error.
*George Hains, solicitor-general, John M. Graham,* contra.

MACINTYRE, J. The indictment in this case charged Robert Williams and Quinney Jones with arson in the burning of a vacant house. Both defendants were tried and convicted and made a motion for a new trial. The motion was overruled and they excepted. The single special ground in the motion for a new trial was

not insisted upon in the brief of counsel for plaintiff in error. Moreover, that special ground is decided adversely to the plaintiff in error in the case of *Randall* v. *State,* 3 *Ga. App.* 653 (3) (60 S. E. 328), wherein it is said, "in the absence of a written request, the failure of the judge to charge the jury that 'the law presumes every fire to be accidental, until the contrary appears, where a man is charged with the offense of arson,' is not reversible error;"

The prosecutor was the only witness for the State. He testified in part as follows: "These two negroes were tried for the theft of the cottonseed and peas in the city court of this county and were found guilty and placed on the chain-gang. They were convicted for stealing cottonseed out of this house. They did not know anything about the burning of the house when I said something to them about it; they were about the burning like they were about the seed." In the present case, the prosecutor's testimony, that the cottonseed were stolen on the night of the burning of the house and not more than fifteen minutes before the burning, was purely hearsay (he only having been told this by a boy on the place), and, even though admitted without objection, has no probative value. *Eastlick* v. *So. Ry. Co.,* 116 *Ga.* 48 (42 S. E. 499). If we do not consider the hearsay testimony (which is without probative value), it seems to us the remaining evidence merely showed that the cottonseed were stolen from the burnt house and were discovered in the possession of the defendants on the same day. We do not find anything in the testimony, other than hearsay, to show when the cottonseed were stolen, except that they were stolen prior to the burning of the house; nor are there any other circumstances to show that the house was set on fire by the defendants, or that the fire was incendiary. It is well settled in this State that "in a case of arson, the corpus delicti consists of two fundamental facts: first, the burning of the house described in the indictment; and second, the fact that a criminal agency was the cause of the burning. . . On a trial for arson, if nothing appears but the mere fact that the house was consumed by fire, the presumption is that the fire was the result of accidental, or natural or providential cause." *West* v. *State,* 6 *Ga. App.* 105 (1, 2) (64 S. E. 130).

The defendants, from first to last, denied both the theft and the arson. Does the mere fact that a house was consumed by fire and the defendants, shortly thereafter, were found in possession of cot-

tonseed that were stolen from the house, without showing how recent the theft was, authorize a jury to find the defendants guilty of arson? We think not. See, in this connection, *Sharpe* v. *State*, 105 *Ga.* 588 (31 S. E. 541).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*