30429.   GRAVES *v.* THE STATE.

DECIDED MAY 9, 1944.

*T. V. Williams,* for plaintiff in error.

*John W. Bennett, solicitor-general, W. C. Parker, solicitor-general pro tem,* contra.

GARDNER, J.  It is contended by the plaintiff in error that the evidence is insufficient to sustain a conviction; that it does not exclude the reasonable hypothesis that the house did not burn from a spark from the flue on the kitchen stove, or one from the tobacco barn, or from a cigarette which the defendant in an intoxicated condition carelessly dropped on some of the bedding.  It is conceded by the State that to sustain a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused.  This means simply that the evidence must be consistent with his guilt and inconsistent with his innocence.  The proved facts must not only be consistent with such reasonable hypotheses of guilt as are ordinarily drawn by ordinary men in the light of their experiences in everyday life, but must exclude every other reasonable inference so drawn save the guilt of the accused.  When we measure this case by that yardstick, it is our view that the evidence sustains the verdict.  To sustain a conviction, it is not required that the evidence exclude every possibility or every inference that may be drawn from proved facts. It is only necessary to exclude reasonable inferences and reasonable hypotheses which may be drawn from the evidence under all the

facts and circumstances surrounding the particular case. It may be that the defendant was under the influence of intoxicating liquor to the extent that his sense of morality and responsibility was deadened so that he was prompted to do the unreasonable things which the evidence reveals he did. However, drunkenness is no excuse for crime. Code, § 26-403. His conduct certainly reveals that his acts in this case were abnormal; but so also is the conduct of practically all criminals. That is the very reason why they are condemned, and ostracized for the public good. We are but to take his conduct under the surrounding facts and circumstances and as reasonable men draw reasonable inferences to determine his guilt, and the law does not require any further delving into the motives which activated him, provided he was mentally capable of forming the criminal intent. No doubt the jury took into consideration the defendant's conduct toward his sister, and that of his mother in taking refuge in the assistance of neighbors.

It is argued that the defendant would not have intentionally burned the house in which he had his personal effects stored. Men have done worse. It might with equal force be contended that if he had cared anything about them he would have assisted his sister and the neighbors in putting out the fire and removing his possessions. He did neither. Under the evidence the jury were authorized to find that the fire was of incendiary origin and that the defendant originated it.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*