37821. BARNWELL *v.* THE STATE.

Decided September 15, 1959—
Rehearing denied October 1, 1959.

*Ray, Owens & Keil, J. Walter Owens,* for plaintiff in error.

*W. B. Skipworth, Jr., Solicitor,* contra.

GARDNER, Presiding Judge. Counsel for the State cite and rely on *Davis* v. *State,* 4 *Ga. App.* 274 (61 S. E. 132) to sustain the conviction. The headnote of that case states that where a defendant is caught in an apparently guilty situation an unreasonable explanation is worse than no explanation at all. The evidence in the instant case does not occur to us to show an unreasonable explanation. The defendant's statement that he was looking for a house was corroborated by other witnesses. Hence the case cited immediately hereinabove is not applicable. Code § 26-2002 defines the term "Peeping Tom" as one who peeps through windows or doors or other like places, on or about the premises of another, for the purpose of spying upon or invading the privacy of the person spied upon. It is our opinion in the instant case that the intent to spy was not shown.

Where the facts in a case and all reasonable deductions from evidence present two theories, one theory of guilt and the other theory of innocence, the justice and humanity of the law compel acceptance of the theory consistent with innocence. See *Davis* v. *State,* 13 *Ga. App.* 142 (1) (78 S. E. 866); *Rutland* v. *State,* 46 *Ga. App.* 417, 422 (167 S. E. 705); and *Scroggs* v. *State,* 94 *Ga. App.* 28 (93 S. E. 2d 583). In the instant case there is no absence of a good explanation on the part of the accused as to his presence on or near Mr. Land's property. The defendant's statement that he was searching for rental property in the area is supported by unimpeached and undisputed testimony, and does not fall under the test of uncorroborated circumstantial evidence but does show positive corroborative evidence. See *Patrick* v. *State,* 75 *Ga. App.* 687 (44 S. E. 2d 297). In the instant case there is some other motive for the defendant's conduct other than being on a Peeping Tom mission. This theory is substantiated by the ruling in *Dorsey* v. *State,* 108 *Ga.* 477, 479 (34 S. E. 135). The case at bar is distinguishable from *Butts* v. *State,* 97 *Ga. App.* 465 (103 S. E. 2d 450). In that case there was no explanation for the defendant's behavior and it follows that the reasonable inference was that the defendant there was a Peeping Tom.

The evidence shows that the defendant was some distance away from the unlighted house when he was discovered, that there were no footprints near the bathroom window to indicate that the defendant had been in that area, that the defendant did not attempt flight upon discovery, all of which points to sustaining the theory of innocence in the case at bar. Moreover, the State's chief witness testified that anyone could have seen the defendant while he was near the home of the Lands on Henry Avenue and that it was general knowledge that the rents were cheap around Henry Avenue. There was sufficient testimony to show that there were "for sale" and "for rent" signs in that area.

The court erred in denying the motion for a new trial on the general grounds only.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*