21613. EASON v. THE STATE.

832

SUBMITTED APRIL 10, 1962—DECIDED MAY 8, 1962.

834

838

*Jean E. Johnson*, for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

QUILLIAN, Justice. ■ The bill of exceptions excepted to the trial judge's overruling the defendant's amended motion for new trial. However, the case was not argued orally in this court, and the only ground of the motion for new trial discussed in the defendant's brief is that "the verdict was without evidence to support it." Under the familiar rule of appellate practice all other grounds of the motion will be treated as abandoned.

■ The defendant insists the evidence was entirely circumstantial and not sufficient to support the verdict because it fell short of excluding every reasonable hypothesis consistent with his innocence. He contends that the State's proof pointed indifferently to the conclusion that he killed his wife and to the theory that she came to her death as the result of an accident. In support of this position, he points out the evidence that his wife was intoxicated on the night she died; hence, it was possible that she fell, and in that manner was fatally injured. The record discloses no circumstances from which it may be inferred

the deceased actually fell and was injured. The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence. *John v. State,* 33 Ga. 257, 268; *Farrar v. State,* 110 Ga. 256 (34 SE 288); *Williams v. State,* 204 Ga. 837, 842 (51 SE2d 825); *Graves v. State,* 71 Ga. App. 96, 99 (30 SE2d 212). The contention that the deceased may have been mortally injured in a fall is mere unfounded theory, not a reasonable hypothesis.

The defendant further urges that according to the evidence adduced upon the trial it was as possible to attribute his wife's death to injuries she sustained in an automobile accident six days prior thereto, as to the fact that he beat her severely on the night she died. The fallacy of the theory is demonstrated by the facts related by lay witnesses. Several testified they observed the deceased after the wreck, when she was going about and hanging out her washing and as she was going to and from her place of employment. Indeed, it appeared that she continued with her usual activities as normally after as before the automobile accident. The evidence did not suggest that she received any serious injury in the accident, although one witness observed one of her eyes was blackened and another witness testified that both eyes were in that condition.

The theory that she died as a result of the automobile accident is disproved beyond all reasonable doubt by the testimony of the surgeon who performed an autopsy on the body of the deceased within a few hours after she died. The surgeon testified that the injury from which the deceased came to her death was a lacerated liver, such an injury as would produce death normally within a matter of minutes and certainly in several hours, and that from his examination he determined the laceration of the liver could not have occurred on another occasion, or earlier than on the night it caused her death.

■ The defendant argues that there was evidence that he drank almost two pints of whisky between 11:15 and 12:00 o'clock, and that before his wife returned to the apartment on the fateful night he was unconscious from intoxication and never

saw her until the next morning. He undertakes to fortify this position by pointing out that a State's expert witness gave as his opinion that one who consumed such quantity of whisky within the period suggested would become unconscious from intoxication. There are two fatal infirmities in this argument. First, there was no evidence, merely the defendant's statement that he actually consumed any quantity of whisky. The jury was not bound to accept his statement as true. Secondly, the expert witness, according to the record, was not informed of the alcoholic content of the whisky the defendant professed to have consumed. It is an established principle, recognized by this court, that, in order for the opinion of an expert witness to be of evidentiary value, the witness must know or be apprized by hypothetical question or questions of the facts upon which his opinion is predicated. *Davis v. State,* 153 Ga. 669, 675 (113 SE 11); *Flanagan v. State,* 106 Ga. 109, 113 (32 SE 80).

There was other evidence of witnesses who heard the voice of the defendant later than midnight, two witnesses who observed him going from room to room in his apartment as late as 1:00 a.m., and the testimony of another witness who actually saw and conversed with him as late as 1:15 a.m. It follows that there is no merit in the contention that the defendant was in such a state of intoxication as to render it improbable or doubtful that he was physically capable of having assaulted his wife after the hour of twelve.

■ The defendant finally points to the fact that at about 1:00 or 1:15 a man visited his apartment as a plausible possibility that the visitor was the culprit who murdered the deceased. The position is not factually sound because, while the evidence was in conflict as to whether the nocturnal visitor, a Mr. Dale, actually entered the apartment, there was no evidence that he offered violence to the defendant's wife, or even came in contact with her, while there was ample evidence, disputed only by the defendant's statement, that the latter had violently beaten the deceased between the hours of midnight and 12:30 a.m., a full forty-five minutes before Dale arrived at the apartment. The contention is, as a matter of law, without merit

because the familiar rule of evidence is, as pronounced in the case of *Johnson v. State*, 73 Ga. 107 (1): "It was not necessary to show that it was impossible for the offense to have been committed by anybody else, or that it might not, by bare possibility, have been done by another."

■ We have carefully considered the evidence and determined that it was sufficient to exclude every reasonable hypothesis except the guilt of the accused and amply authorized the verdict finding him guilty as charged in the indictment.

*Judgment affirmed. All the Justices concur.*