24470.  McCLUSKEY v. AMERICAN OIL COMPANY et al.

Argued March 11, 1968—Decided April 4, 1968—
Rehearing denied April 22, 1968.

*Mundy & Gammage, William W. Mundy,* for appellant.

*Edwards, Bentley, Awtry & Parker, Scott S. Edwards, A. Sidney Parker, Fullbright & Duffey,* for appellees.

Mobley, Justice.  This case is before this court on grant of certiorari to review a judgment of the Court of Appeals. *American Oil Co. v. McCluskey,* 116 Ga. App. 706 (158 SE2d 431). The appeal to the Court of Appeals was from a judgment rendered in favor of the plaintiff, Roberta McCluskey, in an action brought against the defendants, American Oil Company and its employee, Disharoon, for the death of the plaintiff's son, allegedly caused by the negligence of Disharoon while engaged in the work of his employer.  The Court of Appeals reversed that judgment.

1.  The basis of the decision of the Court of Appeals was that the deceased was an employee of American Oil Company, and was killed while in the course of his employment, and that he was covered by the Workmen's Compensation Act, which would be the exclusive remedy available to the plaintiff.  If the plaintiff's son was covered by the Workmen's Compensation Act, the Court of Appeals was correct in reversing the trial court, as *Code* § 114-103 provides that in such cases all other rights of such employee, his parents, etc., at common law or otherwise, on account of such death, are excluded.  However, we are of the opinion that the evidence fails to show that the deceased was covered by the Act, as there is no evidence that the American Oil Company had ten or more employees within the State of Georgia at the time he was killed, as is required by *Code Ann.*

§ 114-107, as amended, unless. the employer and employee voluntarily agree to come under the Act, which was not shown in this case.

The majority opinion of the Court of Appeals concluded that certain testimony, although circumstantial in part, was sufficient to establish that the American Oil Company had ten employees in Georgia at the time the accident occurred. In substance this testimony was that Disharoon testified at the trial that the American Oil Company has 300 employees in the regional office in Atlanta, and that he would guess it has about 75,000 in all. This was as to the number the company had at the time of the trial, which was about two years after the death of the boy. The court further pointed out that the defendant was a maintenance man for service stations located in a section of Georgia running from Gainesville to the Alabama and Tennessee lines; that he had a supervisor who had worked for 11 years traveling to American Oil Company installations in the area, and over him an area engineer, Brock, who had worked for 20 years; that there was mention of an American Oil Company Bulk Plant at Rome for which one Baker was distributor, and a station at Dalton; and that the company spent millions of dollars advertising on television and radio, and in newspapers.

None of this evidence shows, directly or circumstantially, that the company had ten or more employees in Georgia when the plaintiff's son was killed. It identifies only three employees of the company in Georgia. The fact that the company had a number of service stations in Disharoon's territory does not show that any of the operators were employees of the company. They may well have been independent operators and not employees. Evidence as to the number of employees at the time of the trial would not show how many were employed by the company in Georgia two years before, when the deceased was killed.

We agree with the observation made by Judge Quillian in his dissent, to wit: "Although the rule of evidence is well established that a status once proved to exist continues until there is proof of a change or adequate cause for assuming there has been a change (*Roberts v. Hill*, 81 Ga. App. 185 (2) (58 SE2d 465)),

there is, however, no presumption that a present proven status existed in the past. This is made clear in *Glenn v. Tankersley,* 187 Ga. 129, 130 (7) (200 SE 709): 'The doctrine of continuity, that is, that a state of things proved to have once existed is presumed to have continued to exist until a change or some adequate cause of change appears (*Anderson v. Blythe,* 54 Ga. 507, 508), does not include a presumption either that something shown to exist will continue in the future, or that it had previously existed. The doctrine is limited to the presumption that something which has been shown to have existed has thereafter continued to exist.'" *American Oil Co. v. McCluskey,* 116 Ga. App. 706, supra, p. 715.

We know of no authority, nor did Judge Felton cite any in his specially concurring opinion, for his statement that the Court of Appeals "can take judicial notice of the fact that American Oil Company had ten employees and more at the time of the death of petitioner's son." Ibid., p. 712. We cannot, in our opinion, take judicial notice of the fact. See *Code* § 38-112, and cases cited, as to what facts the court can take judicial knowledge of.

2. In reversing the Court of Appeals, which had reversed the judgment of the trial court awarding the plaintiff damages for the death of her son, we have sustained the position of the appellee in the Court of Appeals, the petitioner for certiorari, on the merits of the case, thus it is not necessary for this court to consider the other grounds in her petition for certiorari.

*Judgment reversed. All the Justices concur.*