44704. VINSON v. THE STATE.

Evans, Judge. Upon an accusation charging the defendant with the offense of misdemeanor, drawn in three counts—leaving the scene of an accident (2 counts), and failing to operate a motor vehicle on the right side of the road (1 count)—the defendant was tried and convicted. He was sentenced to pay a fine of $500 and serve 12 months, with the 12 months to be served on probation upon the payment of the fine. The appeal is from the judgment and sentence. *Held:*

1. The defendant was convicted on circumstantial evidence alone, and all the enumerations of error depend upon whether this evidence was sufficient to rule out every other reasonable hypothesis save that of the guilt of the accused. *Code* § 38-109. The evidence, in substance, shows: Two men were struck down on Roxboro Road in DeKalb County, Georgia, on the date alleged in the accusation by a motor vehicle driven over the center of the road and traveling at a high

rate of speed which stopped, backed up to the scene momentarily, and then left the scene of the accident. A vehicle with a damaged left windshield cornerpost, broken windshield, damaged left front fender, broken left mirror, with scuff marks and a round impact mark on the hood was found in which fibers, blood and human skin were removed from the impact areas on the vehicle, the fibers being similar to those of a jacket worn by one of the victims and paint smears on the jacket matched the paint of the vehicle. The defendant admitted driving the vehicle on the night of the accident within 5 minutes thereof, but stated the vehicle was already damaged when he drove it, and he did not drive anywhere near the scene of the accident although other testimony shows he was within five minutes of the scene since he had left his place of business, not in any condition to drive from drinking alcohol, approximately five minutes before another witness who came upon the scene within five minutes after leaving the same business establishment and rendering first aid to the victims.

While the circumstantial evidence connecting the accused with the crime, in order to support a conviction, must exclude every reasonable hypothesis except the guilt of the accused, yet it need not remove every possibility of his innocence. *John v. State,* 33 Ga. 257, 268; *Graves v. State,* 71 Ga. App. 96, 99 (30 SE2d 212); *Eason v. State,* 217 Ga. 831 (125 SE2d 488). Here, the evidence is consistent with his guilt and inconsistent with his innocence, since he admits driving the car at approximately the time of the accident, claiming the vehicle was already damaged, with sufficient evidence for the jury to determine that this was the motor vehicle which struck down the two men. The evidence was sufficient to satisfy the minds and consciences of the jury beyond a reasonable doubt.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

Submitted September 11, 1969—Decided October 2, 1969.

*John E. Feagin,* for appellant.
*William B. Morgan,* for appellee.