## 46795.   ELAM v. THE STATE.

BELL, Chief Judge. The defendant was convicted of driving under the influence of intoxicating liquor.

1. It must be observed that the district attorney representing the State in this case did not assist the court by

filing a brief on behalf of his client whom he is ostensibly representing in this court. The court considers it to be the duty of a district attorney to do so—both as a representative of the people and as an officer of this court. The Clerk of the Court of Appeals, by direction of the court, requested in writing that a brief be filed but the request was not honored. We must disapprove of that practice.

2. After his arrest by two sheriff's deputies, defendant was given an "alcolyser" test which according to the testimony of one deputy revealed a "positive" reaction. It appears from the testimony of both arresting officers that the alcolyser test is some form of breath test in which the suspect's breath is exhaled into a tube which contains yellow chemicals. An example alcolyser kit was admitted with an attached instruction card or chart. As explained by this card if the yellow chemicals turn green when the breath is exhaled and the green stain extends to or beyond a red mark on the center of the tube the test is "positive." It is also noted that the card contains the statement: "Read off alcohol-blood ratio level from the blowing end of the tube." No testimony was given concerning any alcohol-blood ratio level of the defendant as a result of the test. The only result admitted was that the test was "positive" and, according to one deputy, if the test is positive it means that the individual is under the influence. Neither deputy qualified as an expert in this area of chemical analysis of breath nor had received any specialized instruction in the use of this test. One testified that he did not know what made it "tick" and both admitted they just followed the directions that accompanied the testing apparatus. No expert testimony was offered by the State as to the physical or chemical makeup of this test, its approval as to its reliability by scientists generally, or whether it was properly administered by a competent person. The "alcolyser" test was not shown to have been conducted by any procedures approved by the State Crime Laboratory and the results

of the test were not calibrated in any percentile by weight of alcohol in the defendant's blood or breath under Ga. L. 1968, pp. 448, 449 (*Code Ann.* § 68-1625). Hence the presumption provided for in this statute does not arise. This same statute states that it "shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of intoxicating liquor." Under the evidentiary showing made in this case, we do not think the results of the alcolyser test was competent evidence. It is clear that the administering non-expert police officers merely followed the instructions accompanying the apparatus; they did not understand the theory behind the operation of the test; and the test result was obtained by referring to a chart furnished with the test. The instructions and chart and the test itself were obviously the development of other unknown persons. This evidence was incompetent hearsay as its value "rests mainly on the veracity and competency of other persons." *Code* § 38-301. See Fortune v. State, 197 Tenn. 691 (277 SW2d 381); Pruitt v. State, 216 Tenn. 686 (393 SW2d 747); Hill v. State, 158 Cr. 313 (256 SW2d 93), for similar results reached by the Supreme Court of Tennessee and the Court of Criminal Appeals of Texas. All this evidence was admitted without objection, but incompetent hearsay, even though admitted without objection, has no probative value. *Jones v. State,* 50 Ga. App. 97 (176 SE 896). The remaining evidence consists of the testimony by the State's witnesses that defendant's car which was followed at most for one-half mile was weaving on the road, but not driven at an excessive speed; and that defendant had an odor of alcohol on his breath. One deputy testified that the defendant spoke in a normal manner. No opinion evidence was offered as to whether defendant was under the influence. No physical sobriety tests were given. The defendant in sworn testimony denied drinking any whiskey or beer during the 48 hours preceding his arrest; denied that he was weaving on the road.

According to defendant he had dropped a lighted cigarette and drove to the side of the road and stopped to retrieve it, and at this time the police arrived alongside. Defendant also testified that he had been ill with the flu and had been taking Robitussin prescribed by his doctor and this medicine contains alcohol. The defendant's testimony was corroborated by a passenger in his car. The competent evidence of guilt is wholly circumstantial. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of guilt of the accused." *Code* § 38-109. In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted. *Redwine v. State,* 207 Ga. 318, 324 (61 SE2d 481); *Sentell v. State,* 227 Ga. 153 (179 SE2d 234). The defendant's testimony offered a plausible explanation of the circumstances relied upon by the State—the weaving and the odor of alcohol on his breath. Although he denied weaving on the road, the testimony of dropping of the lighted cigarette in his car and his efforts to retrieve it could reasonably cause the weaving and the defendant not be conscious of it. His testimony concerning the ingestion of Robitussin can reasonably be said to account for the odor of his breath. The circumstantial evidence relied upon by the State does not exclude every reasonable hypothesis save that of the guilt of the accused. The State failed to carry the burden of proof and the judgment on the verdict must be reversed. See *Burkhalter v. State,* 125 Ga. App. 386.

3. The other enumerations are without merit.

*Judgment reversed. Eberhardt and Evans, JJ., concur.*

Submitted January 3, 1972—Decided February 4, 1972.

*Archie L. Gleason,* for appellant.