## 47635. TUTT v. THE STATE.

Stolz, Judge. The defendant was tried and convicted on an indictment charging him with operating a motor vehicle while under the influence of intoxicants. A motion for new trial, on the general grounds only, was filed, heard, and overruled. The defendant appeals from the judgment and sentence and the overruling of the motion for new trial. *Held:*

While the evidence did not demand finding the defendant guilty of driving under the influence, it was sufficient to authorize his conviction.

The testimony of the state's witness, Georgia State Patrolman Jerry Walker, showed that the defendant admitted to the officer that he was driving an automobile involved in an accident; that the officer observed the defendant at the scene of the accident; that in the officer's opinion the defendant was under the influence of intoxicating liquors when observed by the officer at the scene of the accident; that the officer was notified of the accident at 9:43 p.m. and arrived at the scene at 9:50 p.m.; and that, in the officer's opinion, the accident occurred at 9:30 p.m. The officer further testified that he gave the defendant a breath test to determine the alcohol content of the defendant's blood at 10:45 p.m., which showed an alcohol content in the defendant's blood in excess of .10% and that, in the officer's opinion, the defendant's blood alcohol content was approximately .15% at the time of the wreck. The officer testified that the defendant did not drink anything after the officer's arrival at the scene of the accident and that the alcohol content in blood drops at a rate of 2 points per hour. The case falls squarely within the principles enunciated by this court in *Stephens v. State,* 127 Ga. App. 416 (193 SE2d 870).

The trial judge did not err in entering a judgment on

the verdict.

*Judgment affirmed. Bell, C. J., Hall, P. J., Pannell, Quillian and Clark, JJ., concur. Eberhardt, P. J., and Deen, J., concur specially. Evans J., dissents.*

SUBMITTED NOVEMBER 6, 1972 — DECIDED MARCH 15, 1973 — REHEARING DENIED MARCH 30, 1973 — ■

*Lawson E. Thompson,* for appellant.
*Kenneth E. Goolsby, District Attorney,* for appellee.

EBERHARDT, Presiding Judge, concurring. I fully agree that the recent full bench case of *Stephens v. State,* 127 Ga. App. 416 (193 SE2d 870), with all judges concurring, is a sufficient basis for affirming here. In it we held that a DUI conviction might rest upon circumstantial evidence, and we disapproved a number of cases wherein the ruling was, or substantially indicated, that direct evidence would have to be produced showing that the defendant was under the influence of intoxicants at the time of his driving the vehicle on the highway.

A careful reading of *Stephens* will reveal that we did not go as far as my brother Deen suggests. We did not "shift the burden of proof to the defendant." We simply said that where there was circumstantial evidence indicating that the defendant had been under the influence of intoxicants when driving the vehicle, it was for the jury to say whether the evidence was sufficient to exclude all other reasonable hypotheses and justify a conviction, and that if the jury so found we should not disturb it.

We made no new law in *Stephens;* we simply applied the long recognized and well-settled principle that conviction on a criminal charge (even DUI) may rest upon circumstantial evidence, and disapproved dicta in some cases which had brought confusion to the bench and the bar. We cited a number of cases in which the true rule had been recognized and applied, some of which were

older than those in which dicta were disapproved and some of later vintage. See citations at p. 425. And see *Townsend v. State,* 127 Ga. App. 797 (195 SE2d 474).

In the case here the defendant struck an "object" (conceded in appellant's brief to have been a man, who was mortally wounded) on the highway. The state patrol received information as to the matter at 9:43 p.m. and Trooper Walker went immediately to the scene, arriving at 9:50 p.m. He found the defendant at the scene, intoxicated. He admitted to the trooper that he had driven the car involved in the accident. His eyes were glassy, he walked on unsteady feet, his speech was slurred and there was an odor of alcohol on his breath. He was given the alcolyzer test, as authorized under Ga. L. 1953, Nov. Sess., pp. 556, 575; 1966, pp. 70, 71; 1968, pp. 448, 449, 452 (Code Ann. §§ 68-1625, 68-1625.1), and the result showed that he had in excess of .10 percent of alcohol in his blood. The test was not given until 10:45 p.m., and thus, as the patrolman testified, the alcoholic content had been at a higher level when he first arrived at the scene than when he later administered the test. The defendant had had nothing to drink from the time the patrolman first saw him. The content as indicated by the test disclosed that defendant was intoxicated. Ga. L. 1968, pp. 448, 449 (Code Ann. § 68-1625).

The trooper did not know exactly when the accident had occurred, but testified that it was his opinion that it had been at 9:30 p.m. He was not asked what facts he based his opinion on, and there was no objection to the testimony. He had qualified as an expert in the investigation of motor vehicle accidents on the highway, and was testifying as such, and under Code § 38-1710 the evidence was admissible. He did say that the accident *could* have occurred an hour or more prior to his arriving at the scene, but that was not his opinion. It was a mere possibility.

The defendant made an unsworn statement as follows:

"Well, all I have to say is that I'm sorry about the accident, but I wasn't drunk."

The jury was authorized to conclude from all of this evidence, including the defendant's unsworn statement, that the defendant had been under the influence when he was driving the vehicle. As Judge Evans asserted in *Vinson v. State,* 120 Ga. App. 425 (170 SE2d 749), "While the circumstantial evidence connecting the accused with the crime, in order to support a conviction, must exclude every reasonable hypothesis except the guilt of the accused, yet it need not remove every possibility of his innocence *John v. State,* 33 Ga. 257, 268, *Graves v. State,* 71 Ga. App. 96, 99 (30 SE2d 212); *Eason v. State,* 217 Ga. 831 (125 SE2d 488)." See also *Norman v. State,* 121 Ga. App. 753, 757 (175 SE2d 119) and cits.

The evidence here is perfectly consistent with the defendant's guilt. The accident occurred out in the country, and the defendant remained at the scene until the patrol arrived. While there may be a possibility that he could have consumed enough alcoholic beverage between the time of the accident and the arrival of the patrol to become intoxicated, that does not appear to be a reasonable inference from this evidence. It does not appear that any alcoholic beverage was available, and the defendant certainly makes no claim of it.

I agree that the verdict is amply supported by the evidence.

DEEN, Judge, concurring specially. I agree that this case falls within, and must therefore be controlled by, the principles enunciated in *Stephens v. State,* 127 Ga. App. 416 (193 SE2d 870). *Stephens* overruled a long line of cases dealing with the quantum of circumstantial evidence necessary to "exclude every other reasonable hypothesis" in cases where the defendant's conviction for drunk driving rests on circumstantial evidence only and where, although the evidence demands a finding that he is intoxicated at some undetermined period of time *after* a wreck there is no evidence either way to show whether

he was intoxicated before or at the time of the wreck. *Waters v. State,* 90 Ga. App. 329 (83 SE2d 25) is a case in point where it was held that the evidence "does not, when considered in connection with . . . the absence of any evidence negativing the possibility of his having drunk the liquor during the time he was absent from the car [after the accident], exclude every reasonable hypothesis save that of the guilt of the accused."

*Waters* was overruled in *Stephens,* and *Stephens* specifically holds that the circumstances "were sufficient to authorize the jury to conclude that the defendant had ingested the alcohol prior to the accident (there was nothing to indicate that he had done so afterward)." In other words, the prior rule in this state was that where, on a charge of drunk driving, a period of time elapsed between the time the defendant ceased driving and the time he was apprehended, the burden was on the state to show the defendant was drunk, not only when apprehended, but also at the time he was driving. This meant placing some burden on the state to negative the possibility of his having drunk sufficient liquor to intoxicate him *after* he ceased driving and before he was apprehended. Judge Evans' dissenting opinion is eminently correct under this rule. But *Stephens* has placed the burden on the defendant to show that his intoxication occurred after the wreck and not before. Proof that the defendant was intoxicated when arrested raises no presumption that he was intoxicated an unknown period of time prior thereto. "Although the rule of evidence is well established that a status once proved to exist continues until there is proof of a change or adequate cause for assuming there has been a change, [Cit.], there is, however, no presumption that a present proven status existed in the past." *McCluskey v. American Oil Co.,* 224 Ga. 253, 254 (161 SE2d 271). Upon reflection (although I concurred in *Stephens* at the time) I consider the old rule, in a case *depending entirely on*

*circumstantial evidence,* to be the sounder requirement in order to exclude every reasonable hypothesis save that of guilt. But I recognize it is no longer the law, and accordingly concur in the judgment of affirmance.

EVANS, Judge, dissenting. The defendant was tried and convicted on an indictment charging him with operating a motor vehicle while under the influence of intoxicants. The defendant appeals from the judgment and sentence and the overruling of the motion for new trial as to the general grounds only.

Was there sufficient evidence in this case to convict the defendant of driving a motor vehicle on the public highway while intoxicated? He was involved in a traffic mishap in which a person was killed, and the state's principal witness, a state highway patrolman, testified that he was notified of the incident by radio and went to the scene. He testified that the defendant admitted to him at the scene that he was the driver of the vehicle. He also testified that the driver was intoxicated when he — the patrolman — arrived on the scene. Thus, there was sufficient evidence to show that the defendant was the driver of the vehicle, and that he was intoxicated when the patrolman saw him. But one question remains: Did the evidence prove that defendant was intoxicated *at the time he was driving the vehicle immediately before and at the time of the wreck?*

The patrolman testified that he was notified of the wreck by radio at approximately 9:43 p.m., and that he immediately drove to the scene of the wreck and reached there at approximately 9:50 p.m. But the patrolman did not know when the wreck occurred, and was very vague in this respect. He testified that the wreck may have occurred an "hour or more" before he was notified of it. How long is "an hour or more"? Granting that the defendant may have been under the influence of an intoxicant when the patrolman reached the scene, (although defendant denied it) and saw him at 9:43 p. m.,

does it follow that the defendant would have been intoxicated an hour before that time? But we are not limited to an hour. The patrolman said the wreck may have occurred "an hour or more" before he was notified. Does that mean two hours, or three hours, or six hours before the wreck?

In a criminal case the defendant is presumed innocent until proven guilty beyond a reasonable doubt; hence when evidence is merely speculative it must be construed in favor of the defendant. See *Rutland v. State,* 46 Ga. App. 417, 422 (167 SE 705); *Jones v. State,* 50 Ga. App. 97 (176 SE 896); *Barnwell v. State,* 100 Ga. App. 285, 288 (111 SE2d 138); *Odom v. State,* 106 Ga. App. 60, 63 (126 SE2d 472). Proof that one is under the influence of an intoxicant at 9:43 p.m. is not sufficient to show that he was intoxicated one hour, or six hours, before that time. The only reasonable construction of the patrolman's testimony as to the time of the occurrence of the wreck is that the patrolman simply did not know when it occurred and his testimony that it was at 9:30 p.m., or "an hour or more" before that time was nothing more than mere speculation. A defendant cannot be legally convicted on speculative evidence. *Southern Grocery Stores v. Greer,* 68 Ga. App. 583, 590 (23 SE2d 484); *Bankers Health &c. Ins. Co. v. Fryhofer,* 114 Ga. App. 107, 112 (150 SE2d 365). There was no other testimony or evidence in this entire record to show when the defendant had the wreck. It is not enough to prove him under the influence *when the patrolman saw him at the scene of the wreck;* it was absolutely necessary to a conviction that credible testimony be offered as to how long before then defendant was driving the vehicle. It is a matter of common knowledge that intoxication does not last forever, and it is unnecessary to introduce evidence on matters of common knowledge, human observation and cause and effect. Code § 38-102.

But, the state also offered the state patrolman as an

expert witness who testified that he gave defendant a chemical screen (breath) test at 10:45 p.m., which was one hour later, and which test went above "the red line." Under interrogation by state's counsel, he testified that this meant "approximately 10% alcohol content" and that meant he was "under the influence." But later he testified that this means ".10%" (note there is a vast difference between 10% and .10%, and it was never cleared up for the jury as to which one was correct). The patrolman further testified that in his opinion the defendant would have been more under the influence of alcohol one hour earlier because he did not have anything to drink after he was arrested and the alcohol content "drops two points within an hour." The meaning of this language was never clarified. What did he mean by "point?" One-tenth, one-thousandth, or smaller, or was he referring to the pica point system instead of the decimal system? It thus appears that the expertise of the witness was insufficient to prove the fact of intoxication at the time of the wreck. In the recent case of *Stephens v. State,* 127 Ga. App. 416 (193 SE2d 870), an expert witness was allowed to testify that the blood alcohol content of a person would drop .02% per gram per hour and that the defendant therein had a blood alcohol content of .19% by weight of alcohol in the blood according to the methods approved by the State Crime Laboratory. That witness further testified that a person with that much alcohol content "at the time of taking the blood has been intoxicated a period of two to two-and-a-half hours before the blood was drawn." Here the expert witness gave no such testimony, and although he possessed a permit to give the approved intoximeter test, he did not give it, but instead gave a screening or breath test not authorized by Code Ann. § 68-1625 (Ga. L. 1953, Nov. Sess., pp. 556, 575; 1966, pp. 70, 71; 1968, pp. 448, 449).

In *Elam v. State,* 125 Ga. App. 427 (2) (187 SE2d 920),

the state's witness failed to qualify as an expert as to the "alcolyser" test administered by blowing up a balloon and chemically measuring the alcohol content therein. In the case sub judice, just as in the *Elam* case, "no expert testimony was offered by the State as to the physical or chemical makeup of this test," or "its approval as to its reliability by scientists generally," although the witness may have testified sufficiently so as to establish his competency to administer the test. It was further held in the *Elam* case, at page 428: "The 'alcolyser' test was not shown to have been conducted by any procedures approved by the State Crime Laboratory and the results of the test were not calibrated in any percentile by weight of alcohol in the defendant's blood or breath under Ga. L. 1968, pp. 448, 449 (Code Ann. § 68-1625). Hence the presumption provided for in this statute does not arise. This same statute states that it 'shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of intoxicating liquor.' Under the evidentiary showing made in this case, we do not think the results of the alcolyser test was competent evidence . . ." The expert's testimony here simply did not establish any presumption as to the defendant's blood alcohol content.

In the case sub judice we have only conclusions, without basis in fact, as to when the "accident" occurred, and we have no evidence that the defendant was driving an automobile while under the influence of intoxicants as was shown by circumstantial evidence in the recent *Stephens* case. The officer testified defendant admitted he was driving, but not when, or how, and the exact time he had been driving. The corpus delicti necessary to be proven here was the driving or operating of a motor vehicle while under the influence of intoxicating liquor. There is some circumstantial evidence that defendant had been driving a motor vehicle on July 4, 1969, but the evidence is insufficient to satisfy the mind and conscience beyond a reasonable doubt, and only raises a suspicion of

guilt from the circumstances. Code §§ 38-109, 38-110; *Burkhalter v. State,* 125 Ga. App. 386 (188 SE2d 166), and cases cited therein.

I would reverse the judgment of the lower court.