## 50797. OWENS v. THE STATE.

STOLZ, Judge.

In response to a silent burglar alarm on the evening of April 18, 1974, Macon police officers were dispatched to the building of the International Brotherhood of Electrical Workers Local Union 1316. Upon their arrival, the officers observed two males running from the building whom they pursued. Immediately prior to his apprehension, the defendant was observed withdrawing a pistol from his belt, dropping it on the ground, and removing a pair of surgical gloves from his hands. A sledge hammer was found in the immediate vicinity of the defendant with a torn finger of a surgical glove stuck in a broken part of the handle, together with an empty green bag. Search of the defendant revealed several items of drugs. Examination of the premises showed that the door to the building had been pried open, as had the door to the manager's office. A safe therein had been beaten on and the office furniture had been moved about and disarranged. There were two pry bars on the floor of the office.

The defendant was tried and found guilty of the offenses of burglary, possession of tools for the commission of a crime, possession of a firearm during the commission of a crime, violation of the Georgia Drug Abuse Control Act, and violation of the Dangerous Drug Act.

1. The convictions of burglary and possession of burglary tools were supported by the evidence. "[T]o sustain a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused. This means simply that the evidence must be consistent with his guilt and inconsistent with his innocence. The proved facts must not only be consistent with such reasonable hypotheses of guilt as are ordinarily drawn by ordinary men in the light of their experiences in everyday life, but must exclude every other reasonable inference so drawn save the guilt of the accused. When we measure this case by that yardstick, it is our view that the evidence sustains the verdict. To sustain a conviction, it is

not required that the evidence exclude every possibility or every inference that may be drawn from proved facts. It is only necessary to exclude reasonable inferences and reasonable hypotheses which may be drawn from the evidence under all the facts and circumstances surrounding the particular case." *Graves v. State,* 71 Ga. App. 96, 99 (30 SE2d 212).

2. The trial court did not err in overruling the defendant's motion for commitment as a first offender pursuant to Code Ann. § 79A-9917. The Code section is permissive, not mandatory. The record does not show an abuse of discretion, and in the absence of such the trial judge's discretion will not be disturbed.

3. The convictions of possession of a firearm during the commission of a crime, violation of the Georgia Drug Abuse Control Act, and violation of the Dangerous Drug Act, were supported by direct evidence.

4. The remaining enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED JUNE 30, 1975 — DECIDED JULY 16, 1975.

*Melton, McKenna & House, E. Thomas Shaffer,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.