## 30113. LEMON v. THE STATE.

Jordan, Justice.

The appellant was convicted of being a peeping tom pursuant to Code Ann. § 26-3002 and appeals.

1. The appellant contends that the evidence produced at the trial was circumstantial only and was

insufficient to connect him with the crime. A reading of the record however shows that the appellant's conviction was not based solely on circumstantial evidence. The prosecutrix positively testified that she saw the appellant looking through her windows late at night and in the early morning. This direct evidence was sufficient to link the appellant to the crime since it points to the question at issue. Code Ann. § 38-102. The appellant at the trial offered no evidence to contradict this identification, or any of the state's evidence. The general grounds are without merit.

2. Four times during the cross examination of the prosecutrix she referred to the appellant as being a known peeping tom. The first statement occurred when defense counsel asked her how she could recognize appellant by only seeing his eyes. She replied that since she had seen appellant once before as a peeping tom, she could identify him a second time. On another occasion she was asked by defense counsel why she did not talk to the appellant when he rang her door bell and again she explained that the appellant was well known as a peeping tom. Defense counsel then asked her if she had ever known the appellant to be a peeping tom, to which the witness responded affirmatively. Defense counsel then asked her if she knew why the appellant rang her doorbell; to which the witness stated that appellant was known as a peeping tom and therefore she did not open her door. It was only at this point that defense counsel objected to the reference to appellant as a known peeping tom. The trial court overruled his objection and motion for mistrial. The appellant contends that the witness volunteered statements which placed the appellant's character in issue.

Under the facts set forth above we do not think that the trial court erred in overruling the objection and motion for mistrial. The answers complained of were responsive to questions propounded by the defense counsel or were explanations of answers already made. A trial court does not commit error by failing to strike answers which are responsive or which explain responsive answers. *Knight v. State,* 148 Ga. 40 (95 SE 679); *Shelton v. State,* 111 Ga. App. 351 (141 SE2d 776). In

*St. Claire v. State,* 27 Ga. App. 43 (107 SE 567), where the defendant was charged with driving while intoxicated, a police officer was asked what made him think the defendant was intoxicated, and answered that he had arrested the defendant previously for the same offense. That court held that the admission of this evidence under these circumstances did not require the grant of a new trial.

It is noted that at one point defense counsel actually asked the witness if she knew the appellant to be a peeping tom. Where counsel elicits substantially the same testimony as complained of he cannot be heard to complain of the evidence to this court. *Moore v. State,* 193 Ga. 877 (20 SE2d 403); *Fluker v. State,* 184 Ga. 809 (193 SE 749).

3. The appellant contends that Code Ann. § 26-3002 is unconstitutionally vague and overbroad on its face so as to infringe on the appellant's guarantee of due process of law under both state and federal constitutions. There is no merit in this contention.

The language of this statute prohibits a person from peeping through doors, windows, or similar places of another while on another's premises with the intent or purpose to spy on such person or to invade his privacy, or going onto another's premises for that purpose. *Barnwell v. State,* 100 Ga. App. 285, 288 (111 SE2d 138). The statute is sufficiently definite to apprise a person of ordinary intelligence of the conduct which is forbidden by the statute. See United States v. Harriss, 347 U. S. 612, 617 (74 SC 808, 98 LE 989) (1953); *Ridley v. State,* 232 Ga. 646, 648 (208 SE2d 466) and *Mixon v. State,* 226 Ga. 869, 870 (178 SE2d 189).

Likewise, the statute is not so overbroad as to proscribe legitimate conduct. The statute is sufficiently narrowed by the requirement that the defendant act with wrongful intent, thereby omitting from its scope those persons who have a legitimate purpose upon another's property, or those who only inadvertently glance in the window of another.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 8, 1975 — DECIDED SEPTEMBER 11, 1975.

*Hill, Jones & Farrington, Joseph Jones, Jr., Bobby L. Hill,* for appellant.

*William H. Ison, District Attorney, James W. Bradley, Assistant District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley, Staff Assistant Attorney General,* for appellee.