## 69581. MORRIS v. THE STATE.
(324 SE2d 793)

DEEN, Presiding Judge.

On May 30, 1983, the appellant, Kenneth Lamar Morris, while allegedly trying to avoid hitting a dog, lost control of his car and ran off the road. Subsequently he was charged with and convicted of driving under the influence of alcohol and of driving too fast for conditions. On appeal, he contends that the evidence was insufficient to support the convictions.

A few minutes before 2:00 p.m. on the day in question, Tim Simmons, a Fulton County deputy sheriff off duty at home watching television, heard tires squealing and a crash. He went outside and discovered the appellant's car had struck down his mailbox and come to rest upon a concrete culvert cover, half on the street and half on his yard. Simmons testified that he smelled beer on the appellant and that the appellant appeared a little flushed, but that the appellant was not staggering drunk. According to Simmons, a Clayton County police officer arrived ten to twenty minutes later.

Officer Dewberry of the Clayton County police department testified that he arrived at the scene at 2:10 p.m. During his investigation, the appellant admitted to having driven the car and explained that he had lost control of the vehicle while attempting to avoid a dog that had darted across the street. Officer Dewberry observed scuff marks on the winding street over 250 feet from the scene, determined that the appellant's vehicle struck another culvert which deflated the rear left tire, and that the vehicle then skidded approximately 157 feet until it struck Simmons' mailbox. The posted speed limit on the street was 25 miles per hour, and the weather conditions were cloudy but dry. Because of the nature and extent of the accident and because

he detected the odor of alcoholic beverage on the appellant, Officer Dewberry charged him with driving too fast for the conditions and read him the implied consent warning. The appellant agreed to submit to a breath test, which was administered at the sheriff's department shortly after 3:00 p.m.; the test revealed a blood alcohol content of .20 percent. The appellant had not drunk anything after Officer Dewberry's arrival.

The appellant denied speeding and having drunk any alcoholic beverage prior to the collision. He claimed instead that he had drunk some Jack Daniels whiskey after the accident but before Officer Dewberry arrived. He also testified that the officer did not arrive until 35 to 40 minutes after the wreck. A passenger in the appellant's car corroborated the appellant's testimony. Several other witnesses who happened to arrive at the scene shortly after the accident also testified either that they had furnished the Jack Daniels to the appellant, feeling that he needed some consolation, or had seen him drink the whiskey before Officer Dewberry arrived. *Held*:

1. Driving an automobile while under the influence of alcohol may be shown by circumstantial evidence. *Lewis v. State*, 149 Ga. App. 181 (254 SE2d 142) (1979). While the evidence in this case, which is mostly circumstantial, may not have demanded finding that the appellant was guilty of driving under the influence and driving too fast for the conditions, it was sufficient for a rational trier of fact to find him guilty of those two offenses beyond a reasonable doubt. *Shoffeitt v. State*, 163 Ga. App. 372 (294 SE2d 587) (1982); *Felchlin v. State*, 159 Ga. App. 120 (282 SE2d 743) (1981). See also *Tutt v. State*, 128 Ga. App. 636 (197 SE2d 432) (1973), wherein the arresting officer observed the defendant at the scene of an automobile accident and considered him to be under the influence of alcohol; the defendant admitted driving the automobile; a breath test was performed approximately one hour and 15 minutes after the accident and revealed a blood alcohol content of .15 percent; and the arresting officer testified that the defendant did not drink anything after his arrival at the scene, and that the alcohol content in blood drops at a rate of 2 points per hour.

Except for the latter evidence about the metabolic rate of alcohol in the blood, *Tutt* involved facts essentially identical to those adduced in the instant case. Although *Tutt* preceded the "rational trier of fact" standard of reviewing the sufficiency of the evidence, this court did hold that that quantum of evidence excluded all reasonable hypotheses save that of the defendant's guilt. Similarly, we find the evidence in the instant case to meet that rational trier of fact standard, and the absence of any testimony about the metabolic rate of alcohol in the blood did not render the evidence insufficient to support the conviction.

The evidence concerning the charge of driving too fast for the conditions included the winding nature of the road, the distance of the scuff and skid marks, and the collision itself. From this evidence the jury was also authorized to find the appellant guilty beyond a reasonable doubt. The appellant's explanation about attempting to avoid a dog was a matter of both credibility and reasonableness, the determination of which was properly left to the jury.

2. The appellant also contends that the trial court erred in charging language drawn from OCGA § 40-6-392 (a) and charging OCGA § 40-6-392 (b) in its entirety (concerning presumptions arising with various blood alcohol contents). However, OCGA § 40-6-392 (a) simply provides that evidence of a defendant's blood alcohol content as determined by chemical analysis shall be admissible, and the trial court did not err in so advising the jury. The evidence also authorized the instruction about the presumptions arising from the blood alcohol content, and, contrary to the appellant's contention, the charge was not conclusive as to the issue of whether the appellant had been under the influence of alcohol at the time he drove his automobile.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1984.

*Paul S. Weiner*, for appellant.
*John C. Carbo III, Solicitor*, for appellee.