## A93A1891. SCHOICKET v. THE STATE.
(440 SE2d 65)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of running a stop sign (Count 1), being in physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe to drive (Count 2) and operating a moving vehicle with a blood-alcohol concentration of at least .10 grams within three hours after driving (Count 3). Defendant was found not guilty of failing to produce proof of insurance (Count 4).

The undisputed evidence reveals that defendant drove his employer's van into a ditch sometime between 9:00 and 10:00 p.m. on October 4, 1991; that defendant submitted to a breath test at 12:05 a.m. on the night of the crash and that defendant's blood-alcohol concentration was then .16 percent. Officer Charles Jeffrey Coleman of the Cobb County Police Department testified that he arrived on the scene at about 10:05 on the night of the collision; that he then noticed a strong odor of alcohol on defendant's breath; that defendant was unsteady on his feet; that defendant's speech was distorted and that defendant failed several field sobriety tests. Officer Coleman also testified that defendant had a freshly soiled appearance when he arrived on the scene and that the wrecked vehicle's engine was then warm.

Defendant testified that the crash occurred after he left his employer's home shortly after 9:00 p.m. and that he did not consume alcohol before the collision. Defendant explained that he had a newly purchased bottle of vodka in the van at the time of the collision; that he was shaken and disoriented by the crash and that he reached for the liquor immediately after the collision and "slugged down a . . . number of gulps of the vodka" before Officer Coleman arrived at the scene.

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends in his first enumeration that the trial court erred in denying his motion to suppress the results of the State-administered breath test, arguing the test was unreasonably delayed in that there was no evidence that he was in actual physical control of a moving vehicle with a blood-alcohol concentration over .10 grams within three hours after driving. This argument provides no basis for suppressing the results of the State-administered breath test.

The trial court did not err in denying defendant's motion to suppress.

2. In his second enumeration, defendant contends the evidence was insufficient to support the jury's finding that he was in control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for him to drive.

"Driving an automobile while under the influence of alcohol may be shown by circumstantial evidence. *Lewis v. State*, 149 Ga. App. 181 (254 SE2d 142) (1979)." *Morris v. State*, 172 Ga. App. 832, 833 (1) (324 SE2d 793). In the case sub judice, Officer Coleman testified that he arrived on the scene at about 10:05 on the night of the collision; that a strong odor of alcohol then permeated defendant's breath; that defendant was unsteady on his feet; that defendant's speech was distorted and that defendant failed several field sobriety tests. Officer Coleman also testified that defendant had a freshly soiled appearance; that he touched the hood of the wrecked vehicle after he arrived at the collision scene and that the vehicle's engine was then warm. This evidence and Officer Coleman's testimony that he did not find a bottle of vodka at the scene of the collision (so as to corroborate defendant's explanation of intoxication at the time of arrest) is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of operating a moving vehicle while under the influence of alcohol to the extent that it was less safe to drive in violation of OCGA § 40-6-391 (a) (1). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Morris v. State*, 172 Ga. App. 832, 833 (1), supra.

3. In his third enumeration, defendant contends the trial court erred in allowing Officer Coleman to testify (on redirect examination) that "it's not probable" that defendant's drunken condition was the

result of post-collision ingestion of alcohol. This contention is without merit. Defense counsel opened the door to this line of inquiry by asking Officer Coleman on cross-examination that "it's possibly a mistake that [defendant] drank prior to driving the vehicle, that's possibly a mistake?" See *Robinson v. State*, 208 Ga. App. 528, 530 (3) (430 SE2d 830).

4. Defendant's appellate counsel asserts the following in support of defendant's fourth enumeration: "[T]he trial court erred in permitting non-expert witness (the Appellant) to testify in response to a hypothetical question. In the cross-examination of Appellant, the State repeatedly sought and was allowed to solicit opinion on alcohol tolerance from the Appellant. . . . By allowing Appellant to testify on what is the average consumption of alcohol, the trial court allowed the Appellant to unwittingly hang himself before the jury."

Defense counsel cites the following portion of the trial transcript in support of this enumeration: "[State's attorney:] Well, when did you intend on drinking the vodka [which defendant said he purchased earlier in the evening before the collision]? A. I did not have any specific time intended. Q. That's a lot of vodka to drink at one point, just gulping it down from a bottle, isn't it? A. Excuse me? Q. That's a lot of vodka to drink, gulping it down like you said you did from the bottle? A. Sure. Q. Would you say that you have a strong tolerance for alcohol? A. I don't know yea or nay on that answer. Q. Why would you say that you don't know yea or nay? A. Because I'm not — I don't have any training to know what — I mean, what is a strong tolerance versus a low tolerance? Q. Do you have common sense? A. I hope so. Q. Then I'll ask you again, do you have a strong or a low tolerance for alcohol? [Defense counsel:] Your Honor, the Defendant has answered that question the best he can. THE COURT: Overruled. . . . You need to answer it. THE WITNESS: I don't — I assume it's not strong or light. It's average. [State's attorney:] Well, what is average to you? A. Average to me is if you took, I guess, a couple hundred thousand people, added everything out and then divided it by the amount, that would be average. Q. Let me rephrase that. What kind of consumption of alcohol is average to you? [Defense counsel:] Your Honor, that calls for speculation as to what other people do or how much alcohol they can tolerate. There's no way of knowing that. . . . THE COURT: I'm going to allow the question over objection. You probably need to state it again. [State's attorney:] What do you consider average consumption? A. I guess two or three drinks. Q. A day, a weekend, a week, a month, a year? A. Well, you know, probably one or two nights a week. [Defense Counsel:] Your Honor, I'm going to object. That's irrelevant. The issue before this Court is did the Defendant consume alcohol prior to driving the car. The average tolerance of people in general has no relevance to this

matter. . . . I agree that [defendant's] tolerance, Your Honor, is relevant. I'm saying that the tolerance of the average person is not relevant. THE COURT: Well, he raised that point and I'm going to allow the examination on it. Go ahead."

"The trial court enjoys a wide discretion in determining the admissibility of evidence. *Lee v. State*, 258 Ga. 762 (6) (374 SE2d 199) (1988); *Hicks v. State*, 256 Ga. 715 (13) (352 SE2d 262) (1987). Compare *United Stated v. Metallo*, 908 F2d 795 (11th Cir. 1990). We find no abuse of discretion here." *Spencer v. State*, 260 Ga. 640, 645 (8), 649 (398 SE2d 179).

5. In his final enumeration, defendant contends his motion for directed verdict of acquittal "should have been granted . . . on the grounds behind enumerations of error one and two." This contention is without merit for the reasons stated in Divisions 1 and 2 of this opinion.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 11, 1994.

*G. Wilson Jones*, for appellant.
*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Philip M. Goldstein, Assistant Solicitors*, for appellee.