## A97A2488. GARRETT v. THE STATE.
### (495 SE2d 579)

BLACKBURN, Judge.

Katina Garrett appeals her convictions of no proof of insurance, driving under the influence of alcohol, failure to yield the right of way, and violation of child restraint. Garrett contends that the State failed to prove venue and that the evidence was insufficient to support her conviction for DUI.

1. Garrett was convicted, after a bench trial, in the State Court of Troup County. Although the State failed to introduce any evidence that venue was proper in Troup County, the Uniform Traffic Citation (UTC) indicating the incident took place in Troup County is contained in the record.

Our Supreme Court has held that "venue must be established beyond a reasonable doubt. However, when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue." (Citation omitted.) *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988). In *Graves v. State*, 227 Ga. App. 628 (490 SE2d 111) (1997), a majority of this Court determined that a UTC contained in the record was sufficient evidence in a bench trial to prove venue. Therefore, Garrett's enumeration of error based on the State's failure to prove venue is without merit.

2. Garrett contends that the evidence was insufficient to show that she was under the influence of alcohol to the extent that she was a less safe driver. See OCGA § 40-6-391 (a) (1).

" 'On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The [trier of fact's] verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' (Punctuation omitted.) *McGhee v. State*, 223 Ga. App. 123, 124 (476 SE2d 853) (1996)." *Kovacs v. State*, 227 Ga. App. 870 (1), 871 (490 SE2d 539) (1997).

In the present case, Officer Little testified that he was dispatched to the scene of an accident where Garrett had turned left in front of an oncoming vehicle. He further testified that he smelled a strong odor of alcoholic beverages on Garrett's breath and person and that she admitted that she had been drinking earlier that night. Officer Little also testified that Garrett was very talkative.

This case is distinguishable from *Groom v. State*, 187 Ga. App. 398 (370 SE2d 643) (1988), relied upon by Garrett because in the present case, the officer observed Garrett shortly after the collision and was able to smell the strong odor of alcoholic beverages on her person. In *Groom*, there was no testimony regarding the condition of the appellant at the time of the collision.

" 'Driving an automobile while under the influence of alcohol may be shown by circumstantial evidence.' (Punctuation omitted.) *Schoicket v. State*, 211 Ga. App. 636, 637 (2) (440 SE2d 65) (1994). . . . '[I]t is solely within the purview of the [trier of fact] to weigh conflicting evidence and judge the credibility of the witnesses.' *Cannon v. State*, 223 Ga. App. 248 (477 SE2d 381) (1996). Viewed in the light most favorable to the verdict, '(t)he evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of being a less safe driver because of being under the influence of alcohol.' *Rawl v. State*, 192 Ga. App. 57 (1) (383 SE2d 903) (1989); see also *Schoicket*, supra." *Kovacs*, supra at 871-872.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

Decided January 7, 1998

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Louis J. Kirby, Solicitor, Marla P. Chambless*, for appellee.